RECEIVED

2020 JUL -8 AM 5: 23

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　CASE NO. 3:20-cr-94-J-32 JRK
　　　　　　　　　　　　　　　　Ct. 1:　　18 U.S.C. § 2252(a)(2)
MARK MANUEL ANGELES MARINO　Ct. 2:　　18 U.S.C. § 2252(a)(4)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about October 25, 2019, in the Middle District of Florida, the defendant,

MARK MANUEL ANGELES MARINO,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce by any means, that is, by a computer via the internet, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT TWO

On or about June 17, 2020, in the Middle District of Florida, the defendant,

MARK MANUEL ANGELES MARINO,

did knowingly possess one or more matters that contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, that is, an HP laptop computer, the production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and which visual depictions were of such conduct, and the depictions involved a prepubescent minor who had not attained 12 years of age.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

  a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

  b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

  3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Kelly S. Karase
Assistant United States Attorney

By: _____
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
7/8/20 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

MARK MANUEL ANGELES MARINO

## INDICTMENT

Violations: 18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)

A true bill,

_____
Foreperson

Filed in open court this 8th day

of July, 2020.

_____
Clerk

Bail   $_____

GPO 863 525