FILED
8-19-20
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

MARK MANUEL ANGELES MARINO

CASE NO.  3:20-cr-94(S1)-J-32JRK
18 U.S.C. §§ 1591(a)(1)
and 1594(a)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between on or about March 19, 2019, and on or about January 7, 2020, in the Middle District of Florida, and elsewhere, the defendant,

MARK MANUEL ANGELES MARINO,

in and affecting interstate and foreign commerce, did knowingly attempt to recruit, entice, harbor, provide, obtain, advertise, maintain, patronize, solicit by any means a person, that is a minor female who had not attained the age of 14 years, while knowing and in reckless disregard of the fact that the minor female had not attained the age of 14 years and would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a).

## COUNT TWO

On or about March 21, 2019, in the Middle District of Florida, and elsewhere, the defendant,

MARK MANUEL ANGELES MARINO,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about September 30, 2019, in the Middle District of Florida, and elsewhere, the defendant,

MARK MANUEL ANGELES MARINO,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that

had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about October 22, 2019, in the Middle District of Florida, and elsewhere, the defendant,

MARK MANUEL ANGELES MARINO,

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

On or about October 25, 2019, in the Middle District of Florida, the defendant,

MARK MANUEL ANGELES MARINO,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce by any means, that is, by a computer via the internet, when the production of the visual depiction involved the use of a minor engaging in sexually

3

explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SIX

On or about June 17, 2020, in the Middle District of Florida, the defendant,

MARK MANUEL ANGELES MARINO,

did knowingly possess one or more matters that contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, that is, an HP laptop computer, the production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and which visual depictions were of such conduct, and the depictions involved a prepubescent minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 1594.

2.  Upon conviction of a violation of 18 U.S.C. § 1591, the defendant, MARK MANUEL ANGELES MARINO, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 1594, any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

3. The allegations contained in Counts Two through Six are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

4. Upon conviction of a violation of 18 U.S.C. §§ 2251 and/or 2252, the defendant, MARK MANUEL ANGELES MARINO, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

          A TRUE BILL,

          _____
          Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
   Kelly S. Karase
   Assistant United States Attorney

By: _____
   Frank M. Talbot
   Assistant United States Attorney
   Chief, Jacksonville Division

6

FORM OBD-34
8/18/20 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

MARK MANUEL ANGELES MARINO

## INDICTMENT

Violations: 18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)

A true bill,

_____
Foreperson

Filed in open court this 19th day

of August, 2020.

_____
Clerk

Bail   $_____

GPO 863 525