UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   CASE NO.: 3:20-cr-94(S1)-J-32JRK

MARK MANUEL ANGELES MARINO
_____/

**DEFENDANT MARK MANUEL ANGELES MARINO'S MOTION
FOR BILL OF PARTICULARS AND MEMORANDUM OF LAW**

The Defendant, Mark Manuel Angeles Marino, by and through the undersigned attorney, moves this Court pursuant to Rule 7(f), Federal Rules of Criminal Procedure, for an Order requiring the United States to file a Bill of Particulars setting forth the following: the essential facts or acts which constitute the offenses of Counts I, V, VI of the Superseding Indictment and the essential facts or acts of any other offenses not charged in the Indictment which the government may contend are inextricably intertwined with the charged offenses. As grounds for this motion, Defendant states as follows:

1. Mr. Marino now stands charged with five offenses related to online activities by superseding indictment filed on April 19, 2020. (Doc. 26). Count I charges in sum, between March 19, 2019 and on or about January 7, 2020, he did knowingly attempt to recruit, entice, harbor, provide, obtain, advertise, maintain, patronize, solicit by any means a person, that is a minor female who had not attained the age of 14 years, while knowing and in reckless disregard of the fact that the minor female had not attained the age of 14 years and would be caused to engage in a commercial sex act all in violation of 18 U.S.C.

§§1591(a)(1) and 1594(a). Counts II, III, and IV charge, in sum, Mr. Marino with production of child pornography in violation of 18 U.S.C. §2251(a) and (e) on three specific dates, March 21, 2019, September 30, 2019, and October 22, 2019 respectively. Count V charges, in sum, on October 25, 2019, receipt of child pornography in violation of 18 U.S.C. §2252(a)(2) and (b)(1). Count VI charges, in sum, on June 17, 2020, Mr. Marino possessed one or more images of child pornography in violation of 18 U.S.C. §2252 (a)(4)(B) and (b)(2).

2. The evidence the United States hopes to use to prove the allegations is largely derived from the seizure, extraction, and forensic review of the contents of electronic equipment seized pursuant to the search warrant on June 18, 2020. The United States also likely hopes to use statements Mr. Marino made to agents as the search warrant was being executed in this case in chief. The search warrant is signed by the issuing magistrate judge on June 16, 2020. It is executed at Mr. Marino's residence on June 18, 2020 by a highly orchestrated team of Homeland Security Agents, supported by local law enforcement.

3. After the forensic examination was conducted, it appears the agents initiated a separate investigation based on the discovery of images and other communications located on some of the electronic devices. This investigation, as Defendant understands it, produces Counts II – IV of the Superseding Indictment. While it appears through the discovery material provided to date that Counts II-IV concern the same minor child, it simply is not clear from the charging document what the essential facts or acts are that constitute the offense of commercial sex trafficking, charged in Count I. In other words, does Count I charge sex trafficking for acts related to the investigation described in the initial complaint?

(Doc. 1). Or, does Count I relate to the separate and distinct acts discovered as a result of the investigation which occurred after the forensic examination of electronic devices?

4. Counts V and VI charge receipt of child pornography and possession of one or more images of child pornography on specific dates. Neither Count, however, references or identifies the specific image or images the United States intends to introduce at trial. The language of Count VI suggests more than one image is the basis for the prosecution without identifying any images.

5. As Defendant understands it, the 11th Circuit has never definitively ruled what constitutes the "unit of prosecution" in a child pornography case for multiplicity and double jeopardy purposes. See, for example. *US v. Smith*, 815 F.3d 671 (10th Cir. 2016); and *US v. Woerner*, 709 F.3d 527 (5th Cir. 2013).

6. However, what is clear is the double jeopardy clause of the 5th Amendment, the notice clause of the 6th Amendment of the United States Constitution and Rule (f) of the Federal Rules of Criminal Procedure require either: in the Indictment; or, by Statement of Particulars, that the Defendant receive notice of the essential act or acts which constitute the offenses. Mr. Marino moves the Court to order the government to file a statement of particulars delineating the essential facts which constitute Counts I, V, and VI of the indictment as well as the essential facts which the government intends to prove at trial which are not charged in the indictment.

## **MEMORANDUM OF LAW**

The Motion for a Bill of Particulars by the Defendant seeks to elicit from the Government the specifics of the broad allegations contained in Counts I, IV, V of the

Indictment. The Court of Appeals for the Fifth Circuit has held that the failure to grant a Motion for Bill of Particulars may violate "the requirements of the Sixth Amendment that the accused shall be informed of the nature and cause of the accusations against him fully enough to enable him to prepare his defense and definite and certain enough that he may be protected by a plea of a former jeopardy against another prosecution for the same offense." *Williams v. United States*, 164 F.2d 302, 304 (5th Cir. 1947).   See also *United States v. Orsini,* 406 F. Supp. 1264, (E.D.N.Y. 1976); *US v. White*, 753 F. Supp. 432 (D. Conn. 1990); *United States v. Salazar*, 485 F.2d 1272, 1278 (2nd Cir. 1973); *US v. Matos-Peralta*, 691 F. Supp. 780 (S.D.N.Y. 1988); *United States vs. Addonizio*, 451 F.2d 49, 63-4 (3rd Cir. 1971).

The granting of motion for Bill of Particulars is discretionary.  *United States vs. Addonizio*, 451 F.2d 49, 64 (3rd Cir. 1971); *Downing v. United States*, 348 F.2d 594 (5th Cir. 1965).

Federal Rule of Criminal Procedure (7)(c)(l) provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Federal Rule of Criminal Procedure (7)(f) authorizes the Court to direct the government to file a bill of particulars. The grant or denial of a bill of particulars rests within the sound discretion of the trial court. *United States v. Draine,* 811 F.2d 1419, 1421 (11th Cir. 1987); *United States v. Warren,* 772 F.2d 827, 837 (11th Cir. 1985). The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars. *United States v. Barnes,* 158 F.3d 662, 666 (2d Cir. 1998).

The purpose of a true bill of particulars is threefold: "to inform the defendant of the charge against him with *sufficient precision* to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole,* 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted) (italics supplied). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986). However, an indictment which is fatally defective under Rule 7(c), for failing to state essential facts constituting alleged offense, cannot be cured by bill of particulars. *Russell v. United States,* 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment. [...] This underlying principle is reflected by the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form."); *United States v. Nance,* 533 F.2d 699, 174, U.S. App. D.C. 472 (D.C. Cir. 1976).

A defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources." *United States* v. *Martell,* 906 F.2d 555, 558 (11th Cir. 1990); *United States. Rosenthal,* 793 F.2d 1214, 1227 (11th Cir. 1986). A bill of particulars may be obtained to clarify an indictment, as long as it does not solely seek to determine in advance the government's proof. *United States v. Johnson,* 575 F.2d 1347, 1356 (5th Cir. 1978). It is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information "which in other

circumstances would not be required because evidentiary in nature." *United States* v. *Smith,* 16 F.R.D. 372, 375 (W.D. Mo. 1954); *Carrier, supra* ("[A bill of particulars] may provide the defendant with the evidentiary details needed to establish his defense."). Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars might still be proper. *United States* v. *Thevis,* 474 F. Supp. 117, 123 (N.D. Ga. 1979); *Smith,* 16 F.R.D. at 375; Wright, Federal Practice and Procedure Criminal 2d § 129. Finally, opposition to a bill of particulars is not properly made out by a claim that the defendant "'knows what he did, and, therefore, has all the information necessary.'" *U.S. v. Moore*, 57 F.R.D. 640, 643 (N.D. Ga. 1972) (quoting *Smith, supra).*

In this case, Counts I, IV, V simply do not provide Mr. Marino with sufficient notice of the essential facts which constitute the respective charges.

**WHEREFORE**, the Defendant, Mark Manuel Angeles Marino for the foregoing reasons, moves this Court to order the Government to provide the requested information in a Bill of Particulars.

Respectfully submitted,

*S:// Thomas M. Bell*
THOMAS M. BELL, #0615692
301 West Bay Street, Suite 1460
Jacksonville, Florida 32202
Telephone (904) 354-0062
Telecopier (904) 353-1315
tbellesq@bellsouth.net
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 5, 2020, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Kelly Karase A.U.S.A.

                                              *S://  Thomas M. Bell*
                                              Thomas M. Bell