UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 3:20-cr-94(S1)-J-32JRK

MARK MANUEL ANGELES MARINO

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The United States of America files this response in opposition to defendant's Motion for Bill of Particulars, filed in this case on October 5, 2020 (Doc. 30) (the "Motion").[1] In the Motion, defendant seeks "the essential facts or acts which constitute the offenses of Counts I, V, VI of the Superseding Indictment and the essential facts or acts of any other offense not charged in the Indictment which the government may contend are inextricably intertwined with the charged offenses."[2] *See* Doc. 30 at 1. Both on its merits and because it is moot, the Motion should be denied.

---

[1] An Amended Standing Order required all discovery motions to be filed by October 9, 2020. (Doc. 29). Thus, defendant timely filed the Motion.

[2] The first six paragraphs of the Motion seek a Bill of Particulars with respect to Counts One, Five, and Six of the Superseding Indictment. However, the Memorandum of Law portion of the Motion references defendant's intent to seek specifics pertaining to the allegations contained in "Counts I, IV, V of the Indictment." *Id.* at 3, 6. Reviewing the Motion in its entirety and considering the pending charges in the Superseding Indictment, the United States responds assuming the Motion is intended to request a Bill of Particulars with respect to Counts One, Five, and Six of the Superseding Indictment, as set forth in the

## BACKGROUND

On June 17, 2020, a Criminal Complaint, charging the defendant with one count of receipt of visual depictions involving the use of a minor engaging in sexually explicit conduct was filed. (Doc. 1). The offense was alleged to have occurred in October 2019. An affidavit set forth sufficient facts on which the Magistrate Judge relied in finding probable cause for the charged offense. Homeland Security Investigations had executed a federal search warrant at the defendant's residence earlier in the day, and the defendant was arrested. On July 8, 2020, a federal Grand Jury returned a two-count Indictment charging the defendant with one count of receiving a visual depiction involving the use of a minor engaging in sexually explicit conduct on or about October 25, 2019, in violation of 18 U.S.C. § 2252(a)(2) (Count One); and one count of possessing one or more matters containing visual depictions produced involving the use of a prepubescent minor under 12 years of age engaging in sexually explicit conduct, on an HP laptop computer, on or about June 17, 2020, in violation of 18 U.S.C. § 2252(a)(4). (Doc. 16).

---

Motion's opening paragraph. However, if defendant clarifies his intention for the Court to construe the Motion for a Bill of Particulars to also include Count Four, the United States intends to seek leave of Court to respond to the Motion with respect to Count Four upon such clarification.

On July 1, 2020, the United States tendered 100 pages of discovery to the defendant that included, *inter alia*, reports of investigation, responses to administrative summonses, audio recordings of interviews of the defendant, and a copy of a dark web advertisement offering sex with girls aged 4-12 in the Philippines, a cam show with a girl, or a video of "the girl," with instructions to describe the action and length to get a quote in return.

On August 19, 2020, a federal Grand Jury returned a Superseding Indictment, charging defendant with one count of attempt to commit sex trafficking of children between on or about March 19, 2019, and on or about January 7, 2020, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a) (Count One); three counts of employing, using, persuading, inducing, enticing, and coercing a minor to engage in any sexually explicit conduct to product a visual depiction of the conduct, in violation of 18 U.S.C. § 2251(a) and (e) (Counts Two through Four); and Counts Four and Five were essentially the same as Counts One and Two, respectively, from the original Indictment.

On August 28, 2020, the United States tendered 919 pages of supplemental discovery to the defendant. In the cover letter transmitting this discovery, the United States invited the defendant, through his counsel, to contact the undersigned to view any items seized in this case. The majority of the supplemental discovery is screenshots of messages between the defendant's

3

secmail.pro email account and the philippinegirls@secmail.pro email account. The dates of these emails range from March 18, 2019, through January 7, 2020. As stated above, the dates charged in Count One of the Superseding Indictment range from on or about March 19, 2019, through on or about January 7, 2020. Throughout the emails, the defendant makes inquiries in reference to minor Philippine girls such as, "Can you do a cam show fucking her? I want the 11yo btw [by the way]. Also how to get bitcoin safe? Can you teach me how?"; "also how much for the camshow? I can only afford 250-350usd"; "Ok Deal, Just make her lay n the bed like ready for a missionary position while she holding a handwritten note after that she will finger herself or rub her pussy. the handwritten note will be 'I'm your princess!' and a star drawing at the end of that note. use a blue crayon for it." Through additional screenshots of messages between the defendant and the philippinegirls email produced in discovery, it is clear the two continue to discuss the attempted sex trafficking of children through January 7, 2020.

      Discovery also included records reflecting a Bitcoin transaction sent by the defendant on October 25, 2019, in the amount of $900. Then philippinegirls sent a video link with a password, to which the defendant responded, "Damn she is hot. Is she still a virgin?"

Other supplemental discovery included, *inter alia*, reports of investigation, the defendant's employment history, and reports of interview of a minor with whom the defendant had sexual conversations beginning when the minor was 12 years old.

To date, counsel for the defendant has not contacted the United States to view the contraband or other evidence seized in this case. He has not sought an appointment to view the files of child pornography recovered from the defendant's HP laptop computer and found in his email account.

## ANALYSIS

### I. Defendant's Request for a Bill of Particulars as to Counts One, Five and Six is Moot as Defendant Already Has the Requested Information.

In order to be granted a motion for a bill of particulars, a defendant must show that the information requested is necessary and the defendant will be prejudiced without it. *United States v. Gallegos,* No. 4:16-CR-0434-AKK-JEO, 2017 WL 2374800, at *6-*7 (N.D. Ala. Apr. 13, 2017); *see also Downing v. U.S.*, 348 F. 2d 594, 599 (5th Cir. 1965) (the defendant must show just cause why the lack of disclosure prejudices this case or is material to preparing the defendant's defense). The defendant has made no such showing.

The bill of particulars is not a tool – as the defendant seeks to use it – to require the United States to explain its theory of prosecution or to preview the

evidence that it intends to use at trial to prove that theory. "The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). "[G]eneralized discovery is not a proper purpose in seeking a bill of particulars." *Id.* "To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule." *United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir.1986). A bill of particulars also "is not designed to compel the government to a detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). The test is whether the information sought is "necessary for trial preparation," not whether it would be merely helpful to a defendant. *Anderson*, 799 F.2d at 1441.

"[A] defendant is not entitled to a bill of particulars 'with respect to information that is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."). A bill of particulars is not necessary when the defendant has been provided adequate

information about the nature of the charges through discovery. *United States v. Carreon*, 11 F.3d 1255, 1239-40 n.68 (5th Cir. 1994); *United States v. Moody*, 923F.2d 341, 351 (5th Cir.), *cert. denied*, 502 U.S. 821 (1991).

The United States has produced more than 1,000 pages of discovery, including emails that establish Count One, the attempted sex trafficking of a child. Even a cursory review of the produced email messages exchanged between the defendant and the philippinegirls email account reveals the evidence of Count One of the Superseding Indictment. The messages indicate the intent to pay for a child under the age of 14 to engage in a commercial sex act. Email messages further establish the defendant's transmission of money, in addition to records from the defendant's Coinbase account reflecting the defendant's actual transmission of Bitcoin for the purpose of the child engaging in the commercial sex act.

Further, the Superseding Indictment, the Complaint, and the supporting affidavit, which includes the federal search warrant affidavit, establish the facts supporting Counts Five and Six of the Superseding Indictment. Count Five alleges a violation for receipt of a visual depiction involving the use of a minor engaging in sexually explicit conduct, and is alleged to have occurred on or about October 25, 2019. As set forth above, the file is in the discovery available for viewing by counsel. With respect to Count Six, the date of the alleged

conduct, on or about June 17, 2020, is the date of the execution of the search warrant. The specific device establishing interstate and foreign commerce is alleged to be the defendant's HP laptop computer. The particular files found on that HP laptop computer are available for review during a discovery conference as reflected in the letter of August 28, 2020. Defendant has had access to this information, and the United States and the case agent stand ready to facilitate such inspection and have so advised defendant through counsel.

Accordingly, defendant has not demonstrated a need for, or an entitlement to, further explanation by way of a bill of particulars. *See United States v. Marcus*, 193 F.Supp.2d 552, 562 (S.D.N.Y. 2001) (denying request for bill of particulars in child pornography case when, in part, "[s]ome of the information sought … [was] already known by the defendant or will be known as a result of" discovery directives).

> II. **The Defendant's Demand for the Disclosure of the "Essential Facts or Acts" that the United States Will Prove at Trial Is an Improper Demand for the United States' Theory of Prosecution and a Preview of Its Planned Trial Presentation.**

A trial court has broad discretion in ruling on a motion for a bill of particulars. *Will v. United States*, 389 U.S. 90, 98-99 (1967). "Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial." *Colson*, 662 F.2d at 1391.

The defendant's motion also should be denied for the independent reason that it seeks relief to which the defendant is not entitled. Specifically, the defendant requests a bill of particulars that sets forth "the essential facts or acts which constitute the offenses" with respect to Counts One, Five, and Six of the Superseding Indictment. This, however, is precisely the type of information that defendant is *not* entitled to receive by way of a bill of particulars.

The function of a bill of particulars is "to inform the defendant of the charge against him with enough precision that he can prepare his defense, and to avoid or at least minimize surprise at trial." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977). It "is not to provide detailed disclosure before trial of the Government's evidence." *Id.*; *see also United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Nor is it designed "to explain the legal theories upon which [the United States] intends to rely at trial." *Id.* "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

While additional details often sought by defendant "would certainly be helpful in preparing a defense, the Government has no duty to disclose the precise manner in which the crimes alleged were committed." *McKay*, 70 F. Supp. 2d at 212. Accordingly, "[a] bill of particulars may not be used to obtain

a detailed disclosure of the government's evidence prior to trial." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (quotation and citation omitted).

Ultimately, criminal defendants have "no right to a bill of particulars...." *Burgin*, 621 F.2d at 1359. As such, the denial of a motion for a bill of particulars will be reversed on appeal only upon showing "prejudice or a clear abuse of discretion." *Sherriff*, 546 F.2d at 606. So long as an indictment adequately informs the defendant of the charges so that they can prepare for trial, a motion for a bill of particulars is properly denied. *See id.*; *Davis*, 854 F.3d at 1293.

Rather than analyzing the Superseding Indictment and carefully reviewing the discovery, the defendant wants the Court to order the prosecution to preview and memorialize its trial strategy in writing, which is not the proper function of a bill of particulars.

### III.  The Defendant Cannot Use a Bill of Particulars to Seek Early Disclosure of Evidence of Other Crimes Wrongs or Acts.

In just one clause in a sentence of his motion, defendant seeks, without support, a Bill of Particulars setting forth "the essential facts or acts of any other offenses not charged in the [Superseding] [*sic*] Indictment which the government may contend are inextricably intertwined with the charged offenses." The defendant does not develop or support this position anywhere in the Motion. However, the Court has provided a timeline for when this information must be produced in the Amended Standing Order, II.D., "The Government shall

provide reasonable notice in advance of and at least ten (10) working days before trial the general nature of any evidence of other crimes, wrongs or acts which it intends to introduce at trial, either in its case in chief, for impeachment, or possible rebuttal, pursuant to Rule 404(b), Fed.R.Evid." (Doc. 29 at 4). Nonetheless, the United States has already produced in discovery, as referenced above, reports of interview documenting witness statements of a minor with whom the defendant began chatting of a sexual nature at the age of 12. Corroborating evidence has been produced to the defendant as well, to include a report of interview of another minor victim familiar with the relationship as well as communication between the defendant and the minor children. As such, defendant's contention that he is entitled to this information through a Bill of Particulars is misplaced.

## CONCLUSION

The Motion attempts to misuse the bill of particulars to have the United States re-state information already provided in discovery or made available to the defense. It improperly seeks to obtain information about the United States' trial strategy. It ignores the allegations in the Complaint, the Superseding Indictment, and the information available in discovery. The defendant fails to demonstrate that a bill of particulars is necessary for the defendant to prepare

for trial. As such, the United States respectfully requests that the Motion be denied.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

        */s/ Kelly S. Karase*
        Michael J. Coolican
        Assistant United States Attorney
        USA No. 134
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone: (904) 301-6300
        Facsimile:  (904) 301-6310
        kelly.karase@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas M. Bell, Esq.

/s/ *Kelly S. Karase*
KELLY S. KARASE
Assistant United States Attorney