**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                  **Case No. 3:20-cr-94(S1)-J-32JRK**

**MARK MANUEL ANGELES MARINO**

**O R D E R**

**I.   Status**

This cause is before the Court on Defendant Mark Manuel Angeles Marino's Motion for Bill of Particulars and Memorandum of Law (Doc. No. 30; "Motion"), filed October 5, 2020, seeking a bill of particulars as to Counts One, Five, and Six of the Superseding Indictment (Doc. No. 26). The Government responded on October 19, 2020. See United States' Response in Opposition to Defendant's Motion for a Bill of Particulars (Doc. No. 32; "Response"). On November 4, 2020, the Court held a hearing and heard from the parties on the Motion. See Clerk's Minutes (Doc. No. 34). Defendant was present at the hearing. The record of the hearing is incorporated herein. Upon due consideration and for the reasons below, the undersigned finds that the Motion is due to be denied.

**II.   Background**

On June 17, 2020, a Criminal Complaint (Doc. No. 1) was filed, charging Defendant with receiving materials involving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). According to the Affidavit in Support of the Complaint ("Complaint Affidavit"), on June 17, 2020, agents from Homeland Security Investigations ("HSI") executed a federal search warrant on Defendant's residence. Complaint Affidavit at 3-4. During the search, the agents found a laptop computer. Id. The

agents conducted a "preliminary examination" of the laptop on scene and discovered "multiple video and still image files of child pornography . . . ." Id. According to the Complaint Affidavit, Defendant also made a number of statements to agents after waiving his Miranda rights. See id. at 5-6. Defendant acknowledged that "he had seen an advertisement on the dark web for what amounts to child sexual abuse material, to include videos." Id. at 5. Defendant stated that "he used a secmail.pro email account to contact the individual from the ad and requested a video for proof from the collection of child pornography." Id. at 6. Based on the Affidavit in Support of a Search Warrant ("Search Warrant Affidavit"), attached to the Criminal Complaint, it appears the individual from the advertisement communicated through the email address, philippinegirls@secmail.pro. See Search Warrant Affidavit at 26. Defendant stated he paid the individual with Bitcoin and received child pornography in return. See Complaint Affidavit at 6-7.

On June 17, 2020 (the day the search warrant was executed and the Criminal Complaint was filed), Defendant made his initial appearance before the Honorable Monte C. Richardson, United States Magistrate Judge, to whom the matter was originally assigned. See Clerk's Minutes (Doc. No. 2). Following a detention hearing conducted on June 24, 2020, the Court ordered Defendant detained. See Clerk's Minutes (Doc. No. 13); Order (Doc. No. 15), entered June 25, 2020.

On July 8, 2020, the grand jury returned a two-count Indictment (Doc. No. 16), charging Defendant with one count of knowingly receiving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), on or about October 25, 2019, and one count of possessing one or more matters containing visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C.

§ 2252(a)(4)(B) and (b)(2), on or about June 17, 2020. Upon the filing of the Indictment, the case was assigned to the undersigned. Defendant was arraigned on July 15, 2020, and he entered a plea of not guilty. See Clerk's Minutes (Doc. No. 21).

On August 19, 2020, the grand jury returned a six-count Superseding Indictment, charging Defendant with one count of knowingly attempting to entice a minor to engage in a commercial sex act, knowing and in reckless disregard of the fact that the minor was under the age of fourteen, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a), between on or about March 19, 2019 and on or about January 7, 2020 (Count One); three counts of enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e), on or about March 21, 2020 (Count Two), September 30, 2019 (Count Three), and October 22, 2019 (Count Four); one count of knowingly receiving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), on or about October 25, 2019 (Count Five); and one count of knowingly possessing one or more matters containing visual depictions of a minor under the age of twelve engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), on or about June 17, 2020 (Count Six).

Thereafter, Defendant filed the instant Motion, as well as a Motion to Suppress Physical Evidence and Statements, Request for Evidentiary Hearing and Memorandum of Law (Doc. No. 31), filed October 9, 2020.

### III.   Discussion

Rule 7(c), Federal Rules of Criminal Procedure ("Rule(s)") provides that an indictment "must be a plain, concise, and definite written statement of the essential facts

constituting the offense charged and must be signed by an attorney for the government." Under Rule 7(f), a defendant may move for a bill of particulars, and "[t]he court may direct the government to file a bill of particulars."

A bill of particulars serves "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Davis, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). A bill of particulars may not be used "to obtain a detailed disclosure of the government's evidence prior to trial," id. (citation omitted), or for "[g]eneralized discovery," United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). Moreover, "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." Davis, 854 F.3d at 1293 (citation omitted).

Here, as noted, Defendant seeks a bill of particulars with regard to Counts One, Five, and Six of the Superseding Indictment.[1] Motion at 1. Defendant argues the essential facts or acts that constitute the offense charged in Count One (attempted sex trafficking) are "not clear" from the Superseding Indictment. Id. at 2. At the hearing, Defendant stated that after the search warrant was executed on June 17, 2020, law enforcement found evidence of communications between Defendant and a minor located in Jacksonville, Florida. Counsel argued it is not clear whether the offense charged in Count One is related to the communications with the minor from Jacksonville or to the evidence found during the preliminary investigation of the laptop described in the Complaint Affidavit. As to

---

[1] In the Motion, Defendant in two instances asserts he is seeking a bill of particulars as to Counts One, Four, and Five (instead of Counts One, Five, and Six). Motion at 3, 6. At the hearing, counsel for Defendant clarified this was an error.

- 4 -

Counts Five and Six (receipt and possession of child pornography, respectively), Defendant contends that neither count "references or identifies the specific image or images the United States intends to introduce at trial." Id. at 3.

Responding, the Government contends that it has provided sufficient information to Defendant through the Complaint, the Complaint Affidavit, the Superseding Indictment, and discovery. See generally Response. The Government asserts it produced more than a thousand pages of discovery, including "a copy of a dark web advertisement offering sex with girls aged 4-12 in the Philippines" (evidently the advertisement described in the Complaint Affidavit), screenshots of messages between Defendant's secmail.pro email account and the philippinegirls@secmail.pro email account (ranging from March 18, 2019 to January 7, 2020), records reflecting a Bitcoin transaction sent by Defendant on October 25, 2019, and reports regarding an interview of a minor with whom Defendant had "sexual conversations." Id. at 3-5. The Government asserts it has also invited Defendant's counsel to view the items seized. Id. at 3.

At the hearing, counsel for the Government made a number of helpful representations. First, counsel indicated the offense charged in Count One relates to Defendant's alleged communications with the philippinegirls@secmail.pro email address, and it does not relate to any acts involving the minor from Jacksonville. Second, the Government identified the name of the file containing the visual depiction forming the basis of the offense charged in Count Five. Third, the Government represented the offense charged in Count Six is based on evidence from the laptop found during the execution of the search warrant. According to the Government, the "unit of prosecution" in Count Six consists of at least six thousand visual depictions that the case agent has determined to

be child pornography. The Government stated that although it will seek to introduce all six thousand files into evidence at trial, it intends to publish only a few. The Government represented that one to two weeks before trial, it will provide Defendant notice of the files it intends to publish to the jury.

Upon due consideration, the undersigned finds that the Criminal Complaint (including the attached Complaint Affidavit and the Search Warrant Affidavit), the Superseding Indictment, the discovery so far produced, and the Government's representations at the hearing provide Defendant with sufficient information to properly advise Defendant of the nature of the charges against him, allow him to prepare a defense, and enable him to plead double jeopardy in a later prosecution. Notice of the files the Government intends to publish should be provided sufficiently in advance of trial to allow Defendant to file any motion in limine he deems appropriate or prepare any objections he may have at trial.

### IV.  Conclusion

Upon due consideration and based on the foregoing, it is

**ORDERED**:

Defendant Mark Manuel Angeles Marino's Motion for Bill of Particulars and Memorandum of Law (Doc. No. 30) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on November 12, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Assistant U.S. Attorney (Karase)
Thomas M. Bell, Esquire