**U.S. District Court**
**Middle District of Florida**

# **DEFENDANT'S EXHIBIT**

**Exhibit Number:**
2

**Case Number:**
3:20-cr-94(S2)-J-32JRK

United States

v.

Mark Manuel Angeles Manno

**Date Identified:**
12/10/2020

**Date Admitted:**
12/10/2020

   UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs. CASE NO.: 3:20-cr-94(S1)-J-32JRK

MARK MANUEL ANGELES MARINO
_______________________________________/

**AFFIDAVIT OF RICHARD DONALD CONNOR JR.**

STATE OF FLORIDA }
} SS:
COUNTY OF ORANGE }

Before me, the undersigned authority, personally appeared RICHARD DONALD CONNOR JR. who, after being duly sworn, deposes and states the following:

1. I am over the age of eighteen years, competent and authorized to make this affidavit.

2. I received my law degree from Stetson University College of Law in 1986.

3. In 2006, I received training and education in the field of computer forensics. I received a certificate in computer forensics from Oregon State University in 2006.

4. I have practiced professionally computer and digital forensics full time since 2006.

5. Since 2006 I have received, on average, 20-30 hours of computer forensics training per year.

6. I have earned these professional certifications:

   a. AccessData Certified Examiner (ACE) (2009)

   b. Certified Computer Examiner (CCE) (2008)

   c. Certified Forensic Computer Examiner (CFCE) (2011)

   d. Digital Forensic Certified Practitioner (DFCP) (2009)

e.  EnCase Certified Examiner (EnCE) (2011)

   f.  IACIS Certified Mobile Device Examiner (ICMDE) (2019)

7. My *curriculum vitae* is attached. It provides a comprehensive summary of my professional experience.

8. I have been retained in more than 1,400 cases involving computer forensic-related issues and have testified in more than 170 cases.

9. I have testified in state and federal courts in more than 35 trials.

10. As part of my practice I have been retained to forensically examine thousands of cell phones, computers, and computer hard drives.

11. I have been retained by Attorney Thomas Bell in the case of U.S. *v. Mark Manuel Angeles Marino* (3:20-cr-94(S1)-J-32JRK) to assist in the defense of Mr. Marino.

12. I have reviewed the search warrant affidavit in Mr. Marino's case as well as drafts of the motion to suppress and memorandum.

13. I am familiar with the section styled "computer pornographer collector characteristics" in this search warrant. This section is contained in virtually every search warrant affidavit for evidence of child pornography that I have reviewed from the Middle District of Florida. I am also familiar with the factual assertion in the affidavit which, in sum, provides "many individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials...they tend to maintain or hoard those visual depictions of child pornography for long periods of time." Search Warrant Affidavit, 22.

14. Moreover, the affiant for Mr. Marino's search warrant asserts he knows "that individuals who collect and trade child pornography often do not willfully dispose of their child pornography collections, even after contact with law enforcement officials." Search Warrant Affidavit, 23.

15. My review of thousands of electronic devices and experience as a forensic analyst suggest the statement "many people who collect child pornography .... tend to hoard it" is simply not true. Moreover, to the extent there was ever a factual basis for this claim by law enforcement, years of forensic examination by law enforcement forensic examiners should reveal that this assertion is false.

16. My review of thousands of electronic devices and my experience as a forensic analyst further suggest that the assertion that individuals who collect child pornography rarely, if ever, dispose of their sexually explicit material is not true. Moreover, to the extent there was ever a factual basis for this statement, years of forensic examination by law enforcement examiners should reveal this statement is false as well.

17. I have worked on more than 330 child pornography cases since 2016. I recently reviewed all of those cases to determine if the defendants were "collectors" as defined by the language in the affidavit for the search warrant in this case, for example that

    a. "Many individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials...."

    b. "they tend to maintain or "hoard" their visual depictions of child pornography for long periods of time...."

18. My review of the more than 330 cases shows that only 58, 17.37%, of those cases could be categorized as collectors.

19. My review of the more than 330 cases shows that 220, 65.87%, of those cases could not be categorized as collectors. The defendants routinely deleted their child pornography files.

20. In 48 cases, 14.37%, I did not have enough information to determine if the defendant was a collector.

21. Finally, while it is not unusual to find artifacts such as file names and search terms indicative of child pornography on electronic devices after suspected images of child pornography have been deleted, those artifacts are not always a reliable basis to infer prohibited content was on the device. It is not unusual for file names to misrepresent the actual content of the files. This is why law enforcement relies primarily on hash values, not file names, during their investigations.

**FURTHER AFFIANT SAYETH NOT.**

Richard Donald Connor Jr.

STATE OF FLORIDA
COUNTY OF ORANGE

I.D.: C560-71 FL Drivers Lsns.

Sworn to (or affirmed) and subscribed before me, by means of ✓ physical presence or ___ online notarization, this 8TH day of October, 2020.

Notary Public

My Commission expires: June 8, 2024

REUBEN H. BIVINS III
Commission # HH 064914
Expires June 8, 2024
Bonded Thru Budget Notary Services