UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-94(S2)-J-32JRK

MARK MANUEL ANGELES MARINO

### UNITED STATES' SUR-REPLY IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

The United States of America files sur-reply in opposition to defendant's Amended Motion to Suppress Physical Evidence and Statements (Doc. 47), and Reply Memorandum (Doc. 59). For the reasons set forth below, the Court should deny defendant's motion.

In his Reply, Marino again points to the original cases relied upon in his Amended Motion to Suppress, none of which are controlling authority. Marino's reliance on *United States v. Edwards,* 813 F.3d 953 (10th Cir. 2015), is misplaced as it involved the upload of photographs of child erotica and graphic sexual commentary about children rather than any files constituting child pornography. *Id.* at 957. Conversely, in the instant case, in each transaction in which the undercover TFO received visual depictions from Philippinegirls@secmail.pro ("The Email Account"), child pornography was included. Contrary to Marino's claims that Agent Luedke's failure to disclose that some of the 14 images sent by The Email Account were not child pornography was misleading, there was no misrepresentation to or misleading

of the Magistrate Judge. In addition to Marino's transfer of funds with the notation "5pics" to an individual controlling a Bitcoin wallet who distributed child pornography on four separate occasions described in the Premises search warrant (September 16, 2019 – Premises search warrant at ¶ 22(b), December 19, 2019 – *Id.* at ¶ 22(e), January 27, 2020 – *Id.* at ¶ 22(f), and February 5, 2020 – *Id.* at ¶ 22(g)),[1] the undercover TFO also received some images that were depictions of a child that did not constitute child pornography in the February 5, 2020 email. (Doc. 48 "Tr." at 95). While defendant claims that Agent Luedke failed to disclose this information to the Magistrate Judge, the Premises search warrant references the receipt of 14 images and one video on February 5, 2020. Premises search warrant at ¶ 22(g). While it is true, some of the images on this one occasion did not depict child pornography, child pornography was commingled within the non-pornographic images, all of which were sent in a single transaction. There was one instance described in the Premises search warrant or at the hearing on Marino's motion in which The Email Account sent pictures to the undercover TFO that did not include child pornography or links to child pornography along with any other pictures transmitted.

Marino also contends that Agent Luedke's failure to describe the $55 transaction to the Magistrate Judge constituted a material omission as Agent Luedke

---

[1] Though not referenced in the Premises search warrant, Agent Luedke testified at the Hearing that The Email Account also sent child pornography to a second undercover email account. Tr. at 105 and 109.

2

testified that this amount was not for child pornography. However, as Agent Luedke testified, this $55 transaction was a "small amount" of Bitcoin before sending the full amount. Tr. at 31. Agent Luedke explained that this small amount was the Bitcoin transaction the undercover tried to initiate as referenced in paragraph 22(h) of the Premises search warrant. Tr. at 56-57. The undercover TFO requested the Bitcoin address to "watch the girl getting fucked." Premises search warrant ¶ 22(h). It was a test transfer for payment of a "20 minute video of the girl." The Email Account user advised, "As soon as we see the money in, we will make the video. Let us know what you want to see her do and say during the video." The $55 transfer was the small amount in connection with a larger and to-be-sent later "full amount" for a 20 minute video depicting the rape of a child. The omission of the $55 payment by the UC that matches nearly to the dollar the Bitcoin value of the transfer Marino made on October 29, 2019, strengthens rather than weakens the probable cause for the issuance of the search warrant. Add the fact that the notation specifically provided the payment was for "5pics" and the probable cause is well established.

*United States v. Perkins* provides no help to Marino either. 850 F.3d 1109 (9th Cir. 2017). That decision from the Ninth Circuit Court of Appeals determined that the affiant misled the Court by failing to disclose that a Canadian law enforcement officer had concluded the two images that formed the basis for a search warrant were not child pornography and that the Canadian criminal charge based on those images was dropped. Presumably, Marino invokes *Perkins* to suggest that the good faith exception

3

does not apply in the search of Marino's residence as it did not apply in *Perkins.* In Agent Luedke's case, the information he excluded from the affidavit only further supported a finding of probable cause. As set forth in the United States' Amended Response (Doc. 54 at 16-20).

Marino also employs *United States v. Falso*, 544 F.3d 110 (2nd Cir. 2008), in an effort to support his claim that Marino's transfer of BitCoin to the same person who offered child pornography for free and tailored child sexual abuse material for sale is too attenuated to support a finding of probable cause. One critical distinction between *Falso* and the instant facts is that Falso was merely to have "appeared" to have "gained access or attempted to gain access" to a particular version of a site. Marino actually made contact with the seller of child pornography by sending a payment for "5pics," referencing a secmail.pro email account in the notes. Rather, the instant facts align more closely with the facts in *United States v. Bridges,* 347 F. App'x 459, 463–64 (11th Cir. 2009), in which law enforcement investigated payments made by PayPal for access to a website that contained child pornography. Based on PayPal records, agents discovered that Bridges was a customer and had paid $99.95 for access to the webpage. The affidavit in support of the warrant also referenced that Bridges' criminal history identified past criminal complaints against him. The District Court found that probable cause had not been established in the affidavit because it did not demonstrate that the website offered downloads of child pornography to its subscribers. Further, the District Court found that the affidavit failed to establish that the place to be

searched contained a computer or an internet connection to bridge the gap between the evidence of an electronic subscription and the house. *United States v. Bridges,* Case No. No. 2:08-CR-011-WCO, 2008 WL 11431071, at *4 (N.D. Ga. Sept. 2, 2008). Because the District Court found an insufficient link between the electronic subscription and the defendant's home, the Court found the warrant lacked probable cause but found a good faith exception existed. *Id.* at 5-6. In an unreported decision, the Eleventh Circuit declined to determine whether probable cause existed for the issuance of the warrant but instead agreed that the good faith exception applied. *Bridges*, 347 F. App'x 459, 463–64 (11th Cir. 2009). Similar to Bridges, Marino used his Coinbase account to send funds to the same individual as a person receiving funds for selling child sexual abuse material. The affidavit links Marino's Coinbase account to his residence through the IP address (Premises search warrant at ¶ 22(l) and (m). While Marino did not have the prior criminal complaints as alleged in the Bridges' affidavit, he did identify what the money he was sending was for and a connection to The Email Account with his reference to a secmail.pro email address. As such, the Magistrate Judge properly determined probable cause existed to search Marino's residence for evidence of the crime of possession, receipt, transportation, and distribution of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.

WHEREFORE, the United States respectfully requests that this Court deny defendant's Amended Motion to Suppress Physical Evidence and Statements.

    Respectfully submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

    */s/ Kelly S. Karase*
By:  KELLY S. KARASE
    Assistant United States Attorney
    USAO No. 134
    300 N. Hogan Street, Suite 700
    Jacksonville, Florida 32202
    Telephone: (904) 301-6300
    Facsimile: (904) 301-6310
    E-mail: Kelly.Karase@usdoj.gov

**U.S. v. Mark Manuel Angeles Marino     Case No. 3:20-cr-94(S2)-J-32JRK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas M. Bell, Esq.

*/s/ Kelly S. Karase*
KELLY S. KARASE
Assistant United States Attorney