UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-94(S2)-J-32JRK

MARK MANUEL ANGELES MARINO

### WAIVER OF JURY TRIAL

The defendant, MARK MANUEL ANGELES MARINO, by and through and after seeking the advice of the undersigned attorney, hereby waives his right to a jury trial in this case as provided for by the Sixth Amendment to the United States Constitution. As grounds for this waiver, the defendant states as follows:

1.  I understand that I am charged in the Second Superseding Indictment with the following counts that have the following penalties:

    a. **Count One**: Attempted sex trafficking of a child who had not attained the age of 14 years at the time of the offense, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a), and that the mandatory minimum and maximum penalties for this count are a term of imprisonment of not less than 15 years' up to life imprisonment, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of at least 5 years and up to life, and a mandatory special assessment of $100;

b. **Counts Two through Four**: Sexual exploitation of children to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e), and that the mandatory minimum and maximum penalties for each of these counts are a term of imprisonment of not less than 15 years' up to 30 years' imprisonment, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of at least 5 years and up to life, and a mandatory special assessment of $100;

c. **Counts Five and Six**: Knowing receipt of visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and that the mandatory minimum and maximum penalties for each of these counts are a term of imprisonment of not less than 5 years' up to 20 years' imprisonment, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of at least 5 years and up to life, and a mandatory special assessment of $100;

d. **Count Seven**: Knowing possession of visual depictions of minors who had not attained 12 years of age engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and that the maximum penalties for this count is a term of imprisonment of 20 years, a fine of up to $250,000, or both imprisonment and a fine, a

    term of supervised release of at least 5 years and up to life, and a mandatory special assessment of $100;

e. Pursuant to 18 U.S.C. § 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life on each of Counts One through Seven. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years as to Count One, 3 years as to Counts Two through Four, and 2 years as to Counts Five through Seven, and an additional term of supervised release could be imposed.

f. With respect to each of these offenses and pursuant to 18 U.S.C. §§ 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

g. Pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $50,000 on any defendant convicted of a child

pornography production offense, as in Counts Two through Four, a special assessment of up to $35,000 on any defendant convicted of a child pornography trafficking offense, as in Counts Five through Six, and a special assessment of up to $17,000 on any defendant convicted of an offense under 18 U.S.C. § 2252(a)(4), as in Count Seven.

h. Pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

i. **Cumulative Maximum Penalties**: For all counts is a mandatory minimum term of imprisonment of not less than 70 years and not more than life plus 150 years' imprisonment, a fine of not more than $1,750,000, or both imprisonment and a fine, a term of supervised release of at least 5 years and up to life, and a mandatory special assessment of $700. A violation of the terms and conditions of supervised release carries a sentence of a term of imprisonment of not less than 35 years and up to seven life terms if the defendant commits

any felony offense set forth in 18 U.S.C. § 3583(k). Any other violation of the terms and conditions of supervised release is punishable by a cumulative term of imprisonment of up to 20 years. The cumulative special assessment pursuant to 18 U.S.C. § 2259A is $237,000.

2. I understand that I have a right under the Sixth Amendment to the United States Constitution to a trial by jury in this case.

3. I understand that the right to trial by jury includes the assistance of counsel, the right to confront and cross-examine the witnesses against me, the right against compulsory self-incrimination, that is, the right *not* to testify, and the right to secure compulsory process for the attendance of witnesses to testify in my defense.

4. Understanding all of the rights associated with trial by jury and after considering the advice of my counsel, pursuant to Rule 23, Federal Rules of Criminal Procedure, I hereby waive my right to trial by jury, and agree instead to allow this Court to act as the trier of fact in this case based upon a written stipulation containing facts that is submitted to the Court by the parties.

5. I acknowledge that I am entering into this waiver freely, knowingly, and voluntarily, without promise or benefit of any kind, and without threats, force, intimidation, or coercion of any kind.

WHEREFORE, the defendant, MARK MANUEL ANGELES MARINO, for the above-mentioned reasons, with the consent of the United States, respectfully submits this written waiver of his right to trial by jury in this case and requests that this Court approve a nonjury trial.

Dated this ___ day of October, 2021.

_____
MARK MANUEL ANGELES MARINO
Defendant

_____
THOMAS M. BELL, ESQ.
Attorney for Defendant

Consented to by the United States
KARIN HOPPMANN
Acting United States Attorney

  /s/ Kelly S. Karase
By:   KELLY S. KARASE
      Assistant United States Attorney