UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 3:20-cr-94(S2)-TJC-LLL

MARK MANUEL ANGELES MARINO

**UNITED STATES' RESPONSE TO OBJECTIONS AND SENTENCING MEMORANDUM IN SUPPORT OF A GUIDELINES SENTENCE**

The United States of America submits this response to Defendant Mark Manuel Angeles Marino's Objections (Doc. 96) to the Pre-Sentence Investigation Report (Doc. 94), and a memorandum in support of a Guidelines sentence to a term of life imprisonment. Though the defendant requests a sentence of 180 months' imprisonment, which is the mandatory minimum term of imprisonment, the nature and circumstances of the offense and history and characteristics of the defendant warrant a Guidelines sentence.

## I.   RELEVANT FACTS

On March 18, 2019, the defendant initiated email communication with an individual in the Philippines. Specifically, he responded to an advertisement placed by user "philippinegirls," and inquired, "Is there a discount if I have the same nationality to the girls. also can I see pics of girls? can I see the 11yo of [*sic*] you?" Philippinegirls responded, "No discount. Very high priced for sex with girls in Philippines. The 11yo is in Europe, not in Philippines." In the early morning of March 19, 2019, the defendant wrote, "can I see their pictures first? including the european girl pictures?

Also what if i dont want to meet them. I want you to fuck them deep in their pussy? how much will it cost for a video?" Philippinegirls responded and advised, "We have no European girl, only a Philippine girl that lives in europe." The defendant responded, "okay can I see the Philippine girls pictures first? I really want to see them get fucked. after I saw their pictures lets have a deal and how can I pay you? what transaction we will use?" On March 20, 2019, the defendant inquired, "So is that only one girl? and she is 11yo? I prefer 11-12yo. … my choice of writing in the note she holds is 'Eat me now' Why not send any photos of them being fucked?" Just a few minutes later, the defendant sent a message that said, "I saw the pictures, the first picture looks yummy but the face is edited, I know its for security purpose, but what if I already payed [sic] you is it still no face? also can she take a dick all the way deep inside her pussy? also how can I pay you? and how safe is this?" Around 8 hours later, the defendant provided alternate contact information via Facebook and told philippinegirls to "be safe." Just 15 hours later, the defendant sent a follow-up message to philippinegirls, advising that he was serious about "this" and that he wanted the transaction to be successful. Less than an hour later, the defendant followed up a sixth time, asking "You still there?" After a response from philippinegirls, on March 21, 2019, at 11:58 a.m., the defendant responded, "Where is the proof that she holding [sic] a note 'eat me now'? also I'm not in eu area. I'm living in US. Can you do a cam show fucking her? I want the 11yo btw. Also how to get bitcoin safe? Can you teach me how?" About 30 minutes later, the defendant followed up with a message that he preferred the "9yo-11yo getting fucked in the pussy deep with creampied." The

2

defendant continued to say, "I just want the 9yo-11yo camshow getting fucked deep in the pussy and a good creampie at the end." Six hours later, the defendant advised he's online the whole day and offered to talk long when philippinegirls was online. Philippinegirls terminated the communication by stating, "Hello.. So, you are a bit all over and just to much to deal with. We ask you to go elsewhere." On March 22, 2019, the defendant responded, "I just want to have a successful first transaction. this is my first time to do it so thats why im talking too much. but ok if you dont want to reply anymore." At this point, communication ceased. The conduct in March 2019 forms the basis for the crime charged in Count Two.

      Six months went by before the defendant re-initiated contact with philippinegirls. On September 30, 2019, the defendant contacted philippinegirls via email and asked for the address of the bitcoin wallet, where to buy bitcoin, and for a specific video to be created depicting the sexual abuse of a child in a diaper. Through the course of their communications, on September 30, 2019, philippinegirls sent the defendant four color photographs, each depicting a completely nude prepubescent child, one displaying the child's anus with the child bent over holding her buttocks open, another with the child sitting with her legs spread wide open and her right hand touching her pubic area and displaying her genitals, and two images of a child on top of a toilet with her legs spread and a hand touching her genitals, with the genitals as the focal point of the photos. Significantly, though, the images were received 6 months after the defendant employed, used, persuaded, induced, enticed, and coerced a minor

to engage in sexually explicit conduct as set forth above. The defendant continued to request files from philippinegirls, to include on October 2, 2019, when the defendant requested "old short video clips of a filipino girl being [sexually assaulted] w/ sound that she is talking or screamin or what just for proof that I will be your customer." The defendant promised to then be philippinegirls' customer, not just for one time but "until I have a lot of filipino girl collection." Philippinegirls responded with the terms of the deal, which included custom-made videos that the buyer owns. Philippinegirls told the defendant he had enough customers and closed his message on October 3, 2019, with "Have a good day, I am sure you will find other girl [sic] out there." The defendant responded, in part, "Thank you sir. I have a lot of producer that gives me a video as a proof also I pay them a good amount for every request I ask for them. I just looking for more producer like you but you don't want me as a customer, you don't trust me, also I'm a producer on my own but not filipino girls so Its not my lost [sic] if you don't trust me and I can save my money than sending it without proof." The conduct set forth here forms the basis for Count Three.  Communication ceased until October 21, 2019.

On October 21, the defendant reached out to philippinegirls to ask for the cost of a video proof. This time, he asked for "8yo or 9yo deep pussy fuck if you have." Twenty minutes later, the defendant emailed philippinegirls again, stating, "I really want to have a pinay collection. can you please chat with me once again. Can you show me a picture proof of them being fuck with a card holding with a date and time. draw

4

a triple star in the end using red crayon." The defendant stated, "I'm willing to pay you now just show me a picture proof with holding a sign while this 9yo getting [sexually assaulted]. dont cover the face I want to see what their reaction while the dick is deep inside their pussy." This conduct forms the basis for Count Four.

## II. RESPONSE TO OBJECTIONS

Each of the instances described above were distinct in time and represent specific instances of harm. The Sentencing Guidelines provide rules for grouping multiple counts together "to provide incremental punishment for significant additional criminal conduct," and "to limit the significance of the formal charging decision and to prevent multiple punishment for substantially identical offense conduct. *See* U.S.S.G. ch.3, pt. D, introductory cmt. Counts are to be grouped together whenever they involve "substantially the same harm." *United States v. Register*, 678 F.3d 1262, 1266 (11th Cir. 2012) *cited in United States v. Doxie*, 813 F.3d 1340, 1344 (11th Cir. 2016).

As an initial matter, Counts Two, Three, and Four are each offenses covered by guideline §2G2.1, which is specifically excluded from §3D1.2(d). While exclusion of an offense "does not necessarily preclude grouping under another subsection," given the conduct in Counts Two, Three, and Four involves separate, distinct instances of harm, they should not be grouped. *See* USSG §3D1.2(d). The defendant made clear to philippinegirls that he was not a one-time customer and that he sought multiple depictions of the sexual assault of minors to build his collection. *See supra.* Each file

5

he sought was a separate infliction of harm on a child, separated by weeks or months. As set forth in examples contained within the Application Notes to §3D1.2, this is analogous to a defendant convicted of two counts of assault on a federal officer for shooting at the officer on two separate days, for which the counts should *not* be grouped together. *See* n.3. Similarly, it is analogous to the robbery or rape of the same victim on different occasions which involves separate instances of fear and risk of harm. *See* n.4. Because each incident involved the use of a minor engaging in sexually explicit conduct to produce a visual depiction of the conduct, the victim is subject to separate and distinct instances of harm. *United States v. Bonner,* 85 F.3d 522 (11th Cir. 1996). *See also, United States v. Nagel*, 835 F.3d 1371 (11th Cir. 2016) (separate counts arising from distinct instances of sexual conduct with the same victim could not be grouped for sentencing purposes).

The defendant maintains that the offense behavior was ongoing or continuous. However, the facts as stated above and as set forth in the Amended Stipulation (Doc. 81) establish that the offense behavior was not ongoing or continuous. Instead, there were breaks in the communication between instances of the commission of the offenses of conviction. Further, each separate instance when the defendant sought to purchase a video of the rape or abuse of a child causes separate injuries. The defendant sought the rape of a child in each instance, and he sought to grow his collection of such videos. The Court should overrule the defendant's objection.

6

Defendant's objection to the two-level enhancement for the use of a computer should also be overruled as it is clearly provided for in the guidelines. *United States v. Murrell,* 368 F.3d 1283 (11th Cir. 2004).

Lastly, the defendant's objection to the application of a 5-level enhancement under §2G2.2(b)(5) and the 5-level enhancement under §4B1.5(b)(1) should be overruled. The Guidelines provide that, "[a]bsent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three, and determinations under Chapter Four are to be applied cumulatively." USSG §1B1.1, n.4(B).

### III. A GUIDELINES SENTENCE OF LIFE IMPRISONMENT IS NECESSARY AND REASONABLE

It is an unusual case that warrants a sentence of life imprisonment. The salacious messages the defendant sent across the Pacific relentlessly soliciting and encouraging, even paying for, the violent rape of a child between the ages of 8-11, coupled with his victimization of a 12-year-old child locally, and his extensive collection of child sexual abuse material depicting more than 72,000 depictions images of children in their most horrific moments warrant such a sentence.

The nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, afford adequate deterrence, and protect the public all require a Guidelines sentence. The defendant has engaged in a pattern of criminal activity. He has engaged in several forms of victimizing minors, to include purchasing and obsessively requesting children

7

be abused, raped, and defiled. He has produced child sex abuse files of a 12-year-old child known to him using threats and coercion. He has used advanced methods to conceal his criminal activity, including the dark web, cryptocurrency, and pseudonyms. The defendant has engaged in savage behavior preying on children with determination and commitment. He is a danger to the public and to children.

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court overrule the defendant's objections to the Guidelines as calculated in the Pre-Sentence Investigation Report, and submits that this defendant should be sentenced to a term of life imprisonment, with a life term of supervised release to follow.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  *s/ Kelly S. Karase*
KELLY S. KARASE
Assistant United States Attorney
Florida Bar No. 1031977
300 North Hogan Street, Suite 700
Jacksonville, Florida  32201
Telephone:  (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:      kelly.karase@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Thomas M. Bell, Esq.
>*Counsel for Defendant Mark Manuel Angeles Marino*

>*s/ Kelly S. Karase*
>KELLY S. KARASE
>Assistant United States Attorney