```
              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,        Jacksonville, Florida

          Plaintiff,             Case No. 3:20-cr-94-TJC-JRK

  vs.                            October 20, 2021

MARK MANUEL ANGELES MARINO,      10:05 a.m.

          Defendant.             Courtroom No. 10D
_____



                    STIPULATED BENCH TRIAL
         BEFORE THE HONORABLE TIMOTHY J. CORRIGAN
                UNITED STATES DISTRICT JUDGE


 GOVERNMENT COUNSEL:

      KELLY KARASE, ESQ.
      U.S. Attorney's Office - FLM
      300 North Hogan, Suite 700
      Jacksonville, Florida  32202


 DEFENSE COUNSEL:

      THOMAS M. BELL, ESQ.
      Thomas M. Bell, PA
      301 West Bay Street, Suite 1460
      Jacksonville, Florida  32202


 COURT REPORTER:

      Shannon M. Bishop, RDR, CRR, CRC
      221 North Hogan, #150
      Jacksonville, Florida  32202
      Telephone:  (904)549-1307
      dsmabishop@yahoo.com


      (Proceedings recorded by mechanical stenography;
 transcript produced by computer.)
```

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                           |
| 2  | October 20, 2021                                     10:05 a.m. |
| 3  | - - -                                                           |
| 4  | COURT SECURITY OFFICER:  All rise.  The United States           |
| 5  | District Court in and for the Middle District of Florida is now |
| 6  | in session, the Honorable Timothy J. Corrigan presiding.        |
| 7  | Please be seated.                                               |
| 8  | THE COURT:  Good morning.  *United States versus Mark*          |
| 9  | *Marino*, 3:20-cr-94.  Ms. Karase represents the government.    |
| 10 | She's assisted by Special Agent Luedke.                         |
| 11 | Mr. Bell represents Mr. Marino, who's present in the            |
| 12 | courtroom.                                                      |
| 13 | We're here today for what I think will be a                     |
| 14 | stipulated bench trial.  That was what I was told.  I've        |
| 15 | received copies of a waiver of jury trial and a stipulation.    |
| 16 | Ms. Karase, one thing I didn't see in the                       |
| 17 | stipulation, which I think I sometimes do, is a -- I know       |
| 18 | there's seven counts, but -- was a recitation of the elements   |
| 19 | of the counts so I could make sure that the facts met the       |
| 20 | elements.                                                       |
| 21 | I suppose we could use the indictment to do that, but           |
| 22 | I just -- that's something that I usually try to do.            |
| 23 | What's your suggestion on how I -- I assume what the            |
| 24 | stipulated facts are designed to do are to create a factual     |
| 25 | basis for me to find Mr. Marino guilty of all seven counts, but |

1  I didn't -- there wasn't really any breakout of it or anything
2  like that.
3          So how are you recommending we -- and then I saw
4  something that Mr. Bell had reserved the right to move for a
5  Rule 29 on Count One.  So I wasn't exactly sure what we were --
6  what we were doing here.
7          MS. KARASE:  Yes, Your Honor.  So I'll tell you a
8  little bit about the history of that.  I guess -- your first
9  point, I did not include what you'd see at a change of plea
10 hearing with the personalization of elements.  I certainly
11 could -- could write one of those very quickly and we could --
12 we could make an addendum to the stipulation of facts, or I
13 simply could read the elements and we could inquire whether
14 there's the admission.
15         My view was that the facts were admitted to and
16 satisfy the elements, but it's not as clean as a
17 personalization of elements.  So if that's Your Honor's
18 preference --
19         THE COURT:  Well, it's not necessarily a
20 personalization.  It's just that I need to be able to -- okay.
21 I've got these facts that are going to be agreed to.  Now
22 they're -- the evidence before me, I need to be able to say I
23 now am able to say that these facts constitute Count One, Count
24 Two, Count Three, all the way through.
25         And I -- and -- and I think I would need something to

1  do that, either -- either using the indictment, which I assume
2  has the elements in it, essentially, or using some recitation
3  of the elements.
4             I will tell you truly that the -- the stipulated
5  bench trials I typically have had have been like one count or a
6  felon in possession or something, and it wasn't -- it wasn't
7  very difficult to discern that -- that there had been a factual
8  basis.
9             These sex counts are a little trickier, in that
10 you've got to have certain things and so forth.  And -- and so
11 I'm -- I just want to make sure we don't, especially since -- I
12 take it, Mr. Bell, the whole reason to do this is -- is to be
13 able to appeal the motion to suppress?
14            Is that -- I mean, that's what we're doing?
15            MR. BELL:  It is, Your Honor.  And I'll make an
16 announcement in terms of framing that issue before we kind of
17 get started.
18            And in -- having reviewed the stipulated facts, I
19 think we could probably parse through and identify the
20 elements.  But I guess ideally -- you know, if we were in
21 closing argument, I would expect the government, "Well, this
22 evidence supports Count One, Two, Three, Four."
23            I suspect we can work our way through that pretty
24 quickly today with Ms. Karase's assistance.  So we should be
25 able to kind of pin -- pin the appropriate facts to the

1  appropriate counts where they overlap.  And I'm sure she can do
2  that.
3          To answer the Court's question about the reserve of
4  the JOA, if we're going back through this -- and, of course,
5  there's always the last-minute kind of review of these things.
6  The question crossed my mind -- is the way Count One is
7  charged, which is the 1591 charge, essentially a sex
8  trafficking charge -- the language of the statute is
9  essentially "did knowingly attempt to recruit, entice, harbor,
10 provide, obtain, advertise, maintain" --
11         THE COURT:  You can -- if you're comfortable doing
12 so, when you're speaking you can take your mask off.
13         MR. BELL:  Oh, thanks, Judge.
14         The indictment -- the elements of the charge or the
15 means by which it could be proven is that the defendant
16 knowingly attempted to recruit, entice, harbor, provide,
17 obtain, advertise, maintain, patronize, solicit by any means a
18 person, that is, a minor female, not 14.
19         And the thought crossed my mind -- and research has
20 essentially -- left the question still in my mind is does --
21 does -- do any of those things have to happen directly with a
22 minor child?
23         In other words, what the evidence would be in this
24 case is that essentially Mr. Marino was communicating with
25 the -- an intermediary in the Philippines to provide these

1  services, and does this statute, this particular statute,
2  require that he have direct contact with a minor child?
3         And it appears that that question has not been
4  expressly resolved.  There seems to be by inference a number of
5  cases that suggest what the answer is -- will be, but there --
6  and it has been expressly resolved on the 2251(a) counts, and
7  the other counts in the indictment.
8         But having looked at the -- done some quick research
9  on this question, I suggested to Ms. Karase that we don't --
10 he's prepared to admit all the facts essentially.  And I'm
11 comfortable that those facts will support Counts Two Through
12 Six of the indictment.
13        But I have the one single reservation of does a
14 violation of 1591 require that he have some -- that he do any
15 of those things directly with a minor female, in short.
16        And so I had asked for the opportunity to reserve a
17 JOA on that specific point, that question of law.  And that
18 is -- that's why that alternative version of the stipulation
19 appeared in the court file.
20        Other than that, I think it will be a fairly
21 straightforward proceeding today.
22        THE COURT:  Well, Ms. Karase, are you prepared today
23 to be able to say to me -- if we -- if I accept the waiver of
24 jury trial and I accept the stipulation of facts, so know those
25 facts are before the Court, are you prepared to be able to go

1   through the counts and tell me that the facts that I have
2   accepted meet the elements of -- of each count?  Are you able
3   to do that?
4           MS. KARASE:  Yes, Your Honor.  I can point to the
5   particular paragraphs in the stipulation that satisfy the
6   particular elements.
7           THE COURT:  All right.
8           MS. KARASE:  And if Your Honor would like to hear a
9   response on the --
10          THE COURT:  Yeah.  Sure.
11          MS. KARASE:  -- I guess, potential JOA, Mr. Bell is
12  right.  I couldn't identify a particular Eleventh Circuit
13  published opinion on point that said 1591 can apply by actions
14  through an intermediary.
15          However, the framing of the 1591 statute is very
16  similar to that of 2251(a) and 2422(b).  And both of those are
17  expressly provided for in the *United States versus Lee* case,
18  which is 603 F.3d 904, which -- in that case the Eleventh
19  Circuit held that the communication with an adult intermediary
20  for the purpose of enticing, inducing, coercing, persuading the
21  child qualifies as a violation of the law.
22          Further, the plain language of 1591 -- we were
23  commenting before, the Eleventh Circuit pattern is not updated
24  to reflect the 2015 amendment to 1591.  But 1591 criminalizes
25  recruiting, enticing, harboring, transporting, providing,

1  obtaining, advertising, maintaining, patronizing, or soliciting
2  by any means a person to engage in a commercial sex act.
3          And it goes on to say any combination of such means
4  that will be used to cause the person to engage in a commercial
5  sex act.  And commercial sex act is defined at 1591(e)(3) for
6  any sex act on account of which anything of value is given to
7  or received by any person.
8          So the money may not be going directly to the child.
9  And I would submit that the law suggests the communication need
10 not be directly with the child in order for an individual to be
11 guilty of this offense.
12         THE COURT:  Well, it seems to me that if Mr. Marino
13 is prepared to admit the facts that are in the stipulation,
14 then, and those are the facts that would have been put before a
15 jury if it was a jury trial, or put before me as the fact
16 finder in a non-jury trial, then -- then I can -- and then I
17 have you give me the -- the elements so that I am comfortable
18 that the -- that the elements of each crime have been met, it
19 seems to me that Mr. Bell, if he's inclined to do so, could
20 move at the -- essentially the close of the evidence for a
21 Rule 29 as to Count One.
22         And then I probably, just so I'm -- because I hear
23 what you're saying.  I hear what Mr. Bell is saying.  I think
24 I've had this issue before in other contexts.  But I probably
25 would -- would ask it to be briefed, and that way I'd have it

1  in front of me, I could make a determination as to whether the
2  Rule 29 was appropriate, and then -- and then I would
3  adjudicate Mr. -- Mr. Marino as to Counts Two through Seven or
4  One through Seven, depending on my decision.  I think we can go
5  ahead on that basis.
6          If it makes more sense to delay today and try to get
7  the elements and get -- get it resolved, I'm willing to do
8  that, too.  But I -- so I'm willing to go -- to do it either
9  way.
10          What do you suggest, Ms. Karase?
11          MS. KARASE:  Your Honor, if we're going to be
12  required to come back anyway, I suppose it would probably be a
13  bit more organized if I had a written document with the
14  elements before the Court, and then could even provide a
15  memorandum in advance so that Your Honor could be thinking
16  about that as you're viewing the stipulation and the elements.
17  And my preference would be to probably return back with all of
18  those things in hand.
19          THE COURT:  Mr. Bell?
20          MR. BELL:  I was hoping to press forward today,
21  Judge, but I'll defer.  Whatever -- whatever the Court feels is
22  most appropriate.  I mean, I kind of generated this issue.
23  And, quite frankly, as I was going back through the minor
24  children and the factual basis, you know, it's one of those
25  things I think about and start researching and -- as I would

1  for a trial.  And I apologize to the extent that that --
2           THE COURT:  No.  I don't think you need to apologize.
3  And I -- I have to say that -- I don't -- I'm sure -- well, I
4  don't know -- I guess I shouldn't say I'm sure.
5           But I suspect that the facts that are going to be
6  admitted to meet the elements of all these offenses.  But I
7  think -- I think it's -- we can go back and look.
8           But I think it's more typical that those elements
9  are -- are stated in the stipulation, or at least I would have
10 them to compare the facts to.
11          And so I don't -- I don't think it's a terrible idea
12 to -- to do that.  I mean, this is a serious matter.  I know
13 Mr. Marino is probably -- you know, is ready to get it done,
14 but it's -- you know, we don't want to -- I don't want to --
15          MR. BELL:  That's completely okay with me, Judge.
16          THE COURT:  Yeah.  I don't want to --
17          MR. BELL:  We can clean it up on both ends here.
18          THE COURT:  Okay.  Let's do that.
19          So, Ms. Karase -- so what I think -- what I think I
20 would -- I guess we'd have to think about how -- how the
21 procedural vehicle was.  If Ms. Karase gives me the elements in
22 a -- in a format that either is part of the stipulation that
23 you-all agreed to or is a separate document that I can then
24 compare the facts to -- if Mr. Marino is willing to do so, I
25 would think it would be -- it would be better to include them

1   in the stipulation.  But we'll see.
2           And then we'd have to figure out how to preserve that
3   Count One issue.  And I -- and I would go ahead and, I think,
4   take briefing on it before we convened again.  And maybe I'd
5   already have a view on it.
6           And then if Mr. Bell wanted to move for a Rule 29 at
7   the end of -- at the end of the evidence, I would be in a
8   position to probably rule on it at that point, maybe.  Maybe
9   that would work.
10          So how long do we need to -- to do all that?
11          MR. BELL:  Judge, I have one other question for
12  procedural purposes here.
13          THE COURT:  Yeah.
14          MR. BELL:  Just so -- while we're doing this.  I have
15  not done one of these bench trials.  And it's been 20-plus
16  years.  The last one, I'm still complaining about the reported
17  decision that -- which we'll talk about at sentencing.
18          But, in any event, my thought -- another last thought
19  today, should we include something to explicitly preserve the
20  suppression-related issues in the stipulation itself?
21          Or does it make any difference to the Court whether
22  we just -- I make the objection just to preserve it and
23  identify the -- you know, the evidence that I'm seeking to
24  suppress from the stipulation?
25          THE COURT:  Well, you're certainly welcome to do

```
 1  that.  The -- it is typical -- and I -- and I actually re-read
 2  a transcript -- because we don't do them that often.
 3              MR. BELL:  Right.
 4              THE COURT:  But we've done -- I did one in April
 5  with -- with Noel Lawrence, and I think maybe Mr. Brown.  But
 6  it is typical at -- in those proceedings that you would state
 7  on the record the reason that you're doing it, why are you --
 8  why is Mr. Marino willing to do this?  And it's to preserve the
 9  suppression issue for appeal and so forth.
10              And, you know, we -- over the years I've wondered why
11  the government won't allow conditional pleas, but they just
12  don't.  And so we have to -- we have to do this.
13              And so -- so how you choose to preserve it, of
14  course, I can't advise you.
15              MR. BELL:  Right.
16              THE COURT:  But I can tell you that it is certainly
17  within your prerogative, and I would think would be an
18  expectation that you would announce on the record precisely why
19  Mr. Marino is agreeing to do this and what he -- you know, what
20  his --
21              MR. BELL:  Yeah.  No, I expect to do that.  I just --
22  you know, I didn't -- we filed the stipulation.  I go, "Oh, you
23  know, I didn't say anything about suppressing the evidence
24  first."
25              THE COURT:  And that's not typically part of this
```

1  stipulation, because it's -- because it's just a factual
2  recitation of what happened.  So --
3           MR. BELL:  Yeah.  I certainly intend to do it.  I
4  just -- understood.
5           THE COURT:  And I'll let you -- I'll let you think
6  about that, but -- yeah.
7           MR. BELL:  Understood.
8           THE COURT:  All right.
9           MR. BELL:  Thank you.
10     (Judge confers with courtroom deputy.)
11          THE COURT:  And I'm told by Ms. Diaz that the -- we
12 typically will even put something in the adjudication or a
13 footnote or something that indicates why the defendant has
14 agreed to do it.  So -- and I've not ever been made aware that
15 it's caused a problem with the Eleventh Circuit, but . . .
16          So I guess the question is when we're going to do it.
17 And I -- you know, I want to give y'all the time you need to
18 put it together and talk to each other and figure out the right
19 way to do it.
20          And I think it will -- I think it will be a better --
21 better record if we do it the way we're going to proceed to do
22 it.
23          So today is, what, the 20th of October?  This is
24 on -- is this on this month's trial calendar?  Yes.
25          COURTROOM DEPUTY:  Yes.

```
 1            THE COURT:  So if we're going to kick it too much,
 2   we're going to have to get a continuance to do it, which I
 3   think would be fine.
 4            And so I guess I'm looking for y'all -- how long --
 5   Ms. Karase, how long do you think it will take you to put this
 6   together so that we're -- we can be -- and talk to Mr. Bell and
 7   figure out how you want to do it?
 8            MS. KARASE:  Your Honor, I can commit to get a
 9   revised stipulation to Mr. Bell by the end of this week and
10   then briefing in a couple of weeks.  So maybe a trial brief due
11   by November 5th.
12            THE COURT:  Okay.  All right.
13            MR. BELL:  Yeah, that's plenty of time.  I can -- the
14   only thing I anticipate having to do is really kind of
15   coordinate with Ms. Karase about -- I did --
16            THE COURT:  Yes --
17            MR. BELL:  -- matching up the facts to the -- to the
18   counts, and I don't anticipate that will take too long, and
19   doing a memo on Count One, which probably won't take too long
20   either.  So November 5th, you know, I could probably just file
21   it --
22            THE COURT:  File it at the same time?
23            MR. BELL:  -- file it then.
24            THE COURT:  Yeah.  Okay.  Because y'all will be
25   talking to each other, I'm sure, so . . .
```

1           All right.  So let's make November 5th the filing
2  date for a revised stipulation as -- as y'all choose to do it,
3  and any briefing on matters of note.  You've already got your
4  waiver of jury trial.  And -- and then we'll just try to
5  find -- maybe we can do it right now.  Let's see if we can find
6  a time to reschedule here.
7           And then, Mr. Bell, are you willing to make an
8  ore tenus motion on behalf of Mr. Marino to continue the case
9  to the November term?
10          MR. BELL:  I am, Judge.  Ore tenus motion to continue
11 based on the circumstances described here.
12          THE COURT:  Sure.
13          And any objection, Ms. Karase?
14          MS. KARASE:  No, Your Honor.
15          THE COURT:  Ore tenus motion of the defendant,
16 Marino, for a one-month continuance is granted, the Court
17 finding that for the reasons stated by counsel on the record
18 the ends of justice served by that continuance outweigh the
19 interests of the defendant and the public in a speedy trial.
20          I'm going to put this case on the November trial
21 term.  I don't think we're going to need to status it
22 beforehand, so we'll just -- let's just try to find a -- a
23 redate -- a date to redo it.
24          If y'all give me your stuff by November 5th -- I'll
25 have to look at it.

```
 1            I'm looking at the afternoon of November 15th or --
 2   that's one.  I don't normally do them on Mondays, but that -- I
 3   can -- I think I can do that, hopefully.
 4            MS. KARASE:  Your Honor, I have the continuation of a
 5   sentencing for a trial I had before Judge Howard that starts at
 6   1 o'clock.  And it will probably go most of the afternoon.
 7            THE COURT:  All right.  Then how about the 16th?
 8            MS. KARASE:  I am available on the 16th, Your Honor.
 9            MR. BELL:  Yes, Your Honor.  That's fine.
10            THE COURT:  What time you want to do it?
11       (Judge confers with courtroom deputy.)
12            THE COURT:  Okay.  November 16th, 3 p.m.  I've got a
13   2 o'clock sentencing.  So we'll do it at 3:00.
14            MS. KARASE:  Yes, Your Honor.
15            THE COURT:  And we'll get the --
16            MR. BELL:  Very good.  Thank you, Your Honor.
17            THE COURT:  So we'll get the papers on the 5th and
18   we'll convene on the 16th at 3 p.m.
19            MS. KARASE:  And, Your Honor, just for the Court's
20   knowledge, the agent will not be available that day.  I don't
21   know that we need him for this, though.
22            THE COURT:  No, it's fine.  I mean, because we're
23   not -- there's not going to be any evidence or anything.  It's
24   just going to be the stipulation.  So that's perfectly fine.
25            MS. KARASE:  Yes, Your Honor.
```

```
 1                THE COURT:  So, Mr. Marino, do you understand what
 2   we're talking about, sir?
 3                THE DEFENDANT:  Yes, Your Honor.
 4                THE COURT:  Okay.  We've got a little bit of more
 5   work to do to get ready for what you're trying to do.  So
 6   rather than just do it today and not really be quite sure we've
 7   got it all together, we're going -- going to take a little more
 8   time.  But we will hopefully -- my expectation is that on
 9   November 16th we'll be able to proceed.
10                And then, of course, the next step after that,
11   assuming that you do waive your jury trial, assuming that you
12   do waive your -- assuming you are found guilty -- and I don't
13   assume any of those things until I have it in front of me.  But
14   if all that happens, then the next step after that would be
15   your sentencing.  And that would be down the road.
16                And then I know you and Mr. Bell are trying to
17   preserve your right to appeal.  And so that's -- that's why
18   we're -- we're working the way we're working here.
19                Do you have any questions?
20                THE DEFENDANT:  No.  No, Your Honor.
21                THE COURT:  Okay. All right.  Thank you.  We're in
22   recess.
23                COURT SECURITY OFFICER:  All rise.
24                MR. BELL:  Thank you, Your Honor.
25            (The proceedings concluded at 10:30 a.m.)
```

*Shannon M. Bishop, RDR, CRR, CRC ~ dsmabishop@yahoo.com*

## CERTIFICATE

UNITED STATES DISTRICT COURT   )
                               )
MIDDLE DISTRICT OF FLORIDA     )


I hereby certify that the foregoing transcript is a true and correct computer-aided transcription of my stenotype notes taken at the time and place indicated herein.

DATED this 16th day of December, 2022.


s/Shannon M. Bishop
Shannon M. Bishop, RDR, CRR, CRC