```
                    IN THE UNITED STATES DISTRICT COURT
                        MIDDLE DISTRICT OF FLORIDA
                         JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,          Jacksonville, Florida

              Plaintiff,           Case No. 3:20-cr-94-TJC-LLL

   vs.                             November 16, 2021

MARK MANUEL ANGELES MARINO,        3:05 p.m.

              Defendant.           Courtroom No. 10D
_____
```

```
                        STIPULATED BENCH TRIAL
                 BEFORE THE HONORABLE TIMOTHY J. CORRIGAN
                     UNITED STATES DISTRICT JUDGE
```

GOVERNMENT COUNSEL:

      **KELLY KARASE, ESQ.**
      U.S. Attorney's Office - FLM
      300 North Hogan Street, Suite 700
      Jacksonville, Florida  32202

DEFENSE COUNSEL:

      **THOMAS M. BELL, ESQ.**
      Thomas M. Bell, PA
      301 West Bay Street, Suite 1460
      Jacksonville, Florida  32202

COURT REPORTER:

      Shannon M. Bishop, RDR, CRR, CRC
      221 North Hogan Street, #150
      Jacksonville, Florida  32202
      Telephone:  (904)549-1307
      dsmabishop@yahoo.com

    (Proceedings recorded by mechanical stenography;
transcript produced by computer.)

1     P R O C E E D I N G S

2     November 16, 2021                              3:05 p.m.

3                          - - -

4          COURT SECURITY OFFICER:  All rise.  This Honorable

5     Court is now in session, the Honorable Timothy J. Corrigan

6     presiding.

7          Please be seated.

8          THE COURT:  Off the record for a second.

9     (Discussion off record.)

10         THE COURT:  All right.  We're back on.

11         *United States of America versus Mark Marino*,

12    3:20-cr-94.

13         Ms. Karase represents the government.

14         Mr. Bell represents Mr. Marino, who's present in the

15    courtroom.

16         We're here today for a -- what we call a stipulated

17    bench trial, a proceeding in which Mr. Marino, if he goes

18    through -- through with it, will waive his right to a jury

19    trial, and then will be tried by me on a stipulated set of

20    facts, which will then lead to me finding him guilty of those

21    charges and adjudicating as such.

22         We do this -- we go through this procedure for the

23    purpose of allowing Mr. Marino to preserve appellate issues

24    that otherwise would be lost if he pled guilty.

25         And so we -- we started out on October 20th.  And I

1  was concerned because we didn't have a recitation of the

2  elements of each of the offenses.  And there were a number of

3  offenses.

4  We had a -- what seemed to be a complete statement of

5  the factual basis, but they weren't tied to the particular

6  counts.

7  I've now had a chance to review the amended

8  stipulation which the parties have entered into.  And it

9  appears that the parties have resolved that -- resolved that

10  problem and we'll be able to go forward today.

11  So let's start with swearing Mr. Marino in, please.

12  COURTROOM DEPUTY:  Do you solemnly swear that the

13  answers you're about to give in this proceeding will be the

14  truth, the whole truth, and nothing but the truth, so help you

15  God?

16  THE DEFENDANT:  Yes.

17  COURTROOM DEPUTY:  Thank you.

18  THE COURT:  So if you'll pull that microphone up a

19  little closer to you, sir, and -- because we're going to go

20  through some things here.  It's going to take a few minutes.

21  But it's important.

22  So the first thing that we need to talk about is

23  the -- your right to a jury trial.  And you have the absolute

24  right to have a jury try your case, require the government to

25  try to prove your guilt beyond a reasonable doubt to the

1   satisfaction of that jury.

2          Nobody can take that right away from you unless you

3   decide yourself to waive or give up that right to the jury

4   trial.  Under Rule 23 of the Federal Rules of Criminal

5   Procedure you've executed a paper that says you want to give up

6   that right.  And I have a copy of it.

7          Do you have the original, Mr. Bell?

8          Who has the original?

9          I've got the original stipulation.  The original

10  waiver of jury trial, do I have it or -- this doesn't look like

11  the original.

12          MS. KARASE:  Oh, I'm sorry.  I don't know if we --

13  did we sign that last time, Mr. Bell?  Do you have that?

14          I don't have a waiver of jury trial that you're

15  asking for.

16          THE COURT:  Do you have it?

17          MR. BELL:  I've got it.  I have one, Judge.  I'm not

18  sure it's the original.

19          THE COURT:  Well, I tell you what, sometimes we can

20  just get them to countersign it again and that will be fine.

21          MR. BELL:  Okay.  Okay.

22          THE COURT:  Yeah, let's do that.

23          Okay.  So, Mr. Marino, if you'll go ahead and sign

24  that document.  You've already signed it.  You know, there's a

25  copy there, but just sign it -- sign it next to the signature

1 there.

2          MR. BELL:  And, Judge, I apologize.  I think what

3 happened is this, is I may have scanned this in and filed it

4 after I got back from the jail one night and -- but,

5 anyway . . .

6          THE COURT:  That's fine.  It's fine.

7          MR. BELL:  If you'll sign this again.

8          THE COURT:  And then, Mr. Bell, if you'll -- if

9 you'll countersign it again, and then Ms. Karase, and then

10 we'll make that the original.  It probably gets scanned in

11 anyway.  You're right, Mr. Bell.  But I guess we just preserve

12 the form.

13          All right.  So we'll have that.

14          And, Ms. Karase, you can just give that to Ms. -- I

15 guess you need it to go over it with your client.

16          MR. BELL:  I can swap out and take somebody's copy.

17          THE COURT:  No, that's fine.  Just keep it.  And then

18 you can give it back to us at the end of the proceeding.

19          So, sir, let me just first tell you you're presumed

20 innocent of the charges that are made against you.  A jury --

21 at the jury trial, if you went forward with a jury trial, the

22 government would have to prove to 12 jurors, all of them

23 unanimously, beyond a reasonable doubt that you're guilty of

24 these crimes.

25          And if you waive or give up that right to the jury

1  trial, then it's up to me, the Court, to decide whether you're

2  guilty or not.  So you will have given up the right to have the

3  jury decide that issue for all time.

4          And before you make that decision -- final decision

5  to waive or give up your jury trial right, have you had enough

6  time to talk to Mr. Bell about that situation?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And has anybody threatened, forced,

9  coerced, intimidated you in any way, promised you anything, to

10  influence you to give up your right to a jury trial?

11          THE DEFENDANT:  No, Your Honor.

12          THE COURT:  Is the decision you're making today to

13  waive or give up your right to the jury trial, is that a

14  decision made by you freely, voluntarily, and intelligently?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Do you have any questions about your

17  decision or the consequences of waiving your right to a jury

18  trial?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  And do you understand when I accept this

21  waiver I'm going to stand in the place of the jury and I'm

22  going to be the one to decide whether you're guilty or not

23  guilty?

24          Do you understand that?

25          THE DEFENDANT:  (Nods head affirmatively.)

1          THE COURT:  Do you understand that if you waive the

2     jury trial, then the judge -- that's me -- will be the one to

3     decide whether you're guilty or not guilty?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Okay.  And I'm assuming you read this

6     waiver of jury trial at the time that you originally signed it;

7     is that correct?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  I'm just going to go over a couple of the

10    provisions with you.  Under the waiver you understand that

11    under the Sixth Amendment to the Constitution that you do have

12    the right to a trial by jury, the right to the assistance of

13    counsel, the right to confront and cross-examine witnesses

14    against you, the right against incriminating yourself, the

15    right not to testify, and the right to compel witnesses to

16    attend in your defense.

17         Now, you'll be giving up all those rights if you

18    waive your right to jury trial.

19         Do you understand that?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  And under Rule 23 of the Federal Rules of

22    Criminal Procedure, you are, by -- by this document and by your

23    statements, you're waiving your right to trial by jury, and

24    instead allowing the Court to be the fact finder and decide

25    your guilt or innocence based upon a written stipulation

1    entered to by the parties.

2          Do you understand that?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And you have, according to this, entered

5    this waiver freely, knowingly, and voluntarily without promise

6    or benefit of any kind, and without threats, force, or

7    intimidation of any kind.

8          Is that correct?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  So based upon the waiver and my

11   discussion with you today, the written waiver and my

12   discussion, and the fact that you've now signed it again in

13   open court today, under Rule 23 of the Federal Rules of

14   Criminal Procedure, if the defendant here -- that's you,

15   Mr. Marino -- who is entitled to a jury trial -- if you have

16   waived that jury trial in writing, which you have, and if the

17   government has consented to that waiver, which it has, and if

18   the Court approves, which I hereby do, then I will declare that

19   you have waived your right to a trial by jury and that you have

20   requested that the Court, that is me, make specific findings of

21   fact.

22         Is the government satisfied with the jury waiver?

23         MS. KARASE:  Yes, Your Honor.

24         THE COURT:  All right.  So you've now waived your

25   right to a jury trial, Mr. Marino.  So now we're going to have

1     the trial.  And normally we'd call witnesses, and

2     cross-examination, and all of the things that you know about.

3              But what you and the government have agreed to is,

4     instead, to enter into this amended stipulation.  And I do have

5     an original of that.

6              Do you have that with you, Mr. Bell?  Or do you need

7     me to hand down the original?

8              MR. BELL:  No, I have a copy, Your Honor.

9              THE COURT:  All right.

10             MR. BELL:  Document 81?

11             THE COURT:  Yes.  Amended stipulation?

12             MR. BELL:  Yes, Your Honor.

13             THE COURT:  Okay.  And it's dated November 3rd, so --

14    is that correct?

15             MR. BELL:  It is, Your Honor.

16             THE COURT:  Okay.  By the way, before we forget it,

17    will you hand that original waiver of jury trial to Ms. Diaz so

18    that we've got that.

19        (Complies.)

20             THE COURT:  So, Mr. Marino, what you've done here is

21    entered into this amended stipulation.  A stipulation is just

22    an agreement between you and the government --

23             MR. BELL:  Judge, I'm sorry to -- do you want me to

24    re-date this one I just did later?  Because we've got the

25    original date on it.  Just before I forget about it and we

1   get --

2          THE COURT:  Yeah.  You can -- if you want to counter

3   date it, let's do that, just so it's clear what we did.

4          MR. BELL:  Because if the Court -- if she can hand it

5   back to me.

6          THE COURT:  Yeah.  That's a good idea.

7          COURTROOM DEPUTY:  Thank you.

8          MR. BELL:  Thank you.

9          THE COURT:  So now, sir, we're going to have your

10  trial.  But instead of having witnesses and examination and

11  evidence brought before the Court, you've entered into this

12  amended stipulation.

13          The stipulation is an agreement between you and the

14  government which says that you both agree that these are the

15  facts of the case that the government would be able to prove

16  beyond a reasonable doubt.  And so I can just consider that as

17  the evidence in the case.

18          So you understand that you've done that and -- and

19  have you had a chance to talk to Mr. Bell about that part of

20  it?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Okay.  So in this case -- and it's a

23  lengthy stipulation.  I don't intend to read the whole thing.

24  But basically what it does, it says that you agree that the

25  following facts are true beyond a reasonable doubt.  And then

1    it lists all the facts of the case, pages 1, 2, 3, 4, 5, 6, 7,

2    8, 9, 10, 11, 12, 13, 14, 15, 16, 17.

3           And so those are all the facts of the case.  And I

4    know you've read them before, so I'm not going to take the time

5    to read them.  But you are agreeing that these are the true

6    facts and that the government can prove these facts beyond a

7    reasonable doubt.

8           Do you understand that?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And do you have any disagreement with the

11   facts that are listed here?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  Okay.  So then the stipulation takes

14   those facts and goes through each count of the second

15   superseding indictment and lists the elements of each of those

16   counts.

17          And so you have Count One of the second superseding

18   indictment.  And it lists the elements that the government is

19   proving through the facts that we've already talked about in

20   the stipulation.

21          And it goes through Count One.  It goes through

22   Counts Two through Four of the second superseding indictment,

23   because those are the same charge.

24          It goes through Count Five of the second superseding

25   indictment, with the elements in it.

1          And then it goes through Count Six of the second

2    superseding indictment.

3          And, finally, Count Seven of the second superseding

4    indictment.

5          So it lists the elements or the things the government

6    would have to prove beyond a reasonable doubt, and affirms that

7    the government has proven those things beyond a reasonable

8    doubt.

9          Do you understand that, sir?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And, as I said, I'm not -- you know, it's

12   a lengthy stipulation.  But I know you've read it with

13   Mr. Bell; have you not?

14          You talked with Mr. Bell about it and went through it

15   with him?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Okay.  So I'm not going to go through it

18   word for word.  But I've just told you what -- what it does.

19   And -- and then I need to confirm that you did, in fact, read

20   this stipulation -- amended stipulation, dated November 3rd,

21   2021, that you read it before you signed it.

22          Is that correct, sir?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  And is that your signature on page 23?

25          THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  And, Mr. Bell and Ms. Karase, will you
2  affirm your signatures as well?
3      MR. BELL:  I can affirm my signature, Your Honor.
4      THE COURT:  All right.
5      MS. KARASE:  And same, Your Honor.  I signed on page
6  23.
7      THE COURT:  Okay.  And Mr. Talbot countersigned it?
8      MS. KARASE:  He did, Your Honor.  I observed him sign
9  the document as well.
10      THE COURT:  Okay.  So by stipulating to these facts
11  and then by stipulating to the elements of each count, you're
12  agreeing the government can prove these charges beyond a
13  reasonable doubt.
14      Do you understand that, sir?
15      THE DEFENDANT:  Yes, Your Honor.
16      THE COURT:  And let me just ask you the same
17  questions I asked you about the waiver of jury trial.  Has
18  anybody threatened, forced, intimidated, coerced, or promised
19  you anything in order to get you to sign this amended
20  stipulation?
21      THE DEFENDANT:  No, Your Honor.
22      THE COURT:  Did you enter into the stipulation of
23  your own free will, deciding it was in your best interest to do
24  so based upon your discussion with your lawyer?
25      THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Is the government satisfied with the

2   colloquy with respect to the amended stipulation?

3          MS. KARASE:  Yes, Your Honor.

4          THE COURT:  Mr. Bell, did -- I think last time you

5   wanted to make sure it was preserved for the record, the reason

6   that Mr. Marino is doing this.  So if you want to state that

7   for the record.

8          MR. BELL:  Thank you, Your Honor.  Yes.  I was going

9   to -- hope to at least kind of touch on that, just so the

10  record is clear, since technically it is trial.  And it's been

11  many, many years, as I suggested the last time we were here,

12  since I've kind of gone through this process.

13         But, of course, all this evidence -- and my

14  contention will be virtually all the evidence described in the

15  first 17 pages is a direct result of the execution of the

16  search warrant, and what I would characterize as fruit of

17  the -- of the poisonous tree resulting from the arguments that

18  I generate in the search warrant.

19         I can go through and identify -- there's a handful of

20  paragraphs in the document that probably would be independent

21  investigations.  I can suggest the ones that wouldn't apply to

22  the motion to suppress if the Court is -- would prefer, for

23  recordkeeping purposes.

24         THE COURT:  I'll let you make whatever record you

25  think you should, sir.

1          MR. BELL:  All right.  Thank you, Your Honor.

2          Just very briefly, as I indicated, virtually all the

3     evidence characterized in the first 17 pages of the document

4     and paragraph would be, in my view, a product of the search

5     warrant and the follow-up investigation related to that search

6     warrant.

7          I would note just on -- on paragraph 4, there's a

8     reference -- the beginning of paragraph 4, in September of

9     2019, of an independent Homeland Security investigation.

10    Obviously that would not be typically subject to a suppression

11    kind of challenge.

12         Paragraph -- the first part of that paragraph -- I

13    think the second part of the paragraph -- no, paragraph 4 on

14    pages 5 and 6, I think, in their entirety are based on the New

15    York investigation.

16         Paragraph 6, page 10, the -- the opening part of that

17    paragraph is on October 23rd, 2019, it references a Coinbase

18    investigation subpoena.  The Coinbase subpoena was based on

19    information learned in the search warrant investigation, I

20    think.

21         No, that's not true.  The -- I guess that's based on

22    the New York investigation?

23         MS. KARASE:  That's correct.  We identified the

24    Coinbase investigation -- that Coinbase account through the New

25    York investigation.

1          MR. BELL:  That's correct, Judge.  So essentially

2     that would be independent.  However, I guess the second part of

3     paragraph 6 -- on page 11, there's more, I guess, e-mail

4     exchanges or text exchanges, whatever they are there, that are

5     captured at the top of page 11.  And that would be derived from

6     the search warrant.

7          And I think the rest of it -- I don't see anything

8     else in here that would not have been a product of the

9     investigation related to the search warrant.  And I included in

10    there, I guess, the statements that he made after he had

11    been -- after they executed the search warrant in the home,

12    which are referenced in paragraph 14.  I think that's pages 14

13    and 15 of the search warrant.

14          But essentially all of this, in my view, everything

15    other than this information, would have been the product of the

16    illegally issued and executed search warrant, and, hence, the

17    bench trial to preserve those issues.

18          And just for recordkeeping purposes, Judge, I had --

19    the original motion to suppress was document 31.  There was an

20    amended search warrant at document 47.  I did not put the

21    government's responses in there, but there was an R&R from the

22    magistrate, which is document 64, objections to the R&R at

23    document 67.  And the Court's order essentially adopting the

24    R&R and denying the motion is document 72.  And the government

25    would have filed responses to the appropriate motions.  I did

1    not note those.

2              I believe that --

3              THE COURT:  So just so I can maybe help with the

4    record, so it's Mr. Marino's desire and purpose, by entering

5    into this stipulated set of facts and agreeing to have the

6    Court adjudicate him in this way -- he wants to be able to

7    appeal -- essentially appeal doc 72, which is the Court's order

8    denying the motion to suppress?

9              MR. BELL:  That's correct, Your Honor.  Yes, sir.

10             THE COURT:  Okay.  All right.  Thank you, sir.

11             All right.  Based upon Mr. Marino's waiver of jury

12   trial, and based upon the amended stipulation entered into by

13   Mr. Marino that the Court has now questioned him on, it is the

14   judgment of this Court that the government, through the amended

15   stipulation, has proven all counts of the indictment beyond a

16   reasonable doubt, and, therefore, I will be adjudicating

17   Mr. Marino guilty of Counts One through Seven of the second

18   superseding indictment.

19             And I will be setting him for a sentencing hearing in

20   about 90 days' time.  The Court, again, understands that the

21   reason that Mr. Marino has engaged in this process is to

22   preserve his right to appeal the Court's order denying his

23   motion to suppress.

24             I think that's all we have to do.

25             Is there anything else that you know of, Ms. Karase,

1    that we need to do to make the record complete?

2              MS. KARASE:  No, Your Honor.  I believe that that --

3    that that covers it.

4              THE COURT:  Mr. Bell, is there anything else that you

5    want for the record?

6              MR. BELL:  No, Your Honor.  Thank you.

7              THE COURT:  So, Mr. Marino, what will happen now is I

8    will enter an order, in effect, adjudicating you guilty of

9    these crimes.  Your sentencing will be set in that order.  It's

10   usually about 90 days from now.

11             That gives the pretrial officer -- I'm sorry, the

12   probation officer the opportunity to prepare a report.  They'll

13   be interviewing you for that report, along with other people.

14             Mr. Bell will advise you on that, whether you -- you

15   know, what -- what conversations you should have with the

16   probation officer.  We'll have that sentencing.  I'll sentence

17   you accordingly.

18             And then, Mr. Bell, is it your purpose to represent

19   Mr. Marino on the appeal?

20             MR. BELL:  Judge, I'm retained in this case.  I

21   strongly suspect that they will -- he will be indigent.  I can

22   tell you -- I can tell you that he will be indigent at the

23   conclusion of the sentencing hearing.  I'll see him through

24   that and -- given my commitment to him at this stage.  But I --

25   I expect to ask that he be appointed counsel for purposes of

1  the appeal.

2          THE COURT:  You know, we -- sometimes -- I'm not

3  saying we would do this.  But would you be willing to accept

4  the appeal on a CJA basis if he's found indigent?

5          MR. BELL:  Let me think about it, Judge.  To some

6  extent -- I do think in some instances it's better to have

7  fresh eyes look at these things.

8          Ordinarily I would just say yes, because, one, I'm

9  very interested in this issue.  I happen to think it's a pretty

10  good issue.

11         But with all due respect to the Court -- and I will

12  certainly give it some thought.  However, just from an

13  objective point of view, sometimes I think it's better to have

14  maybe the federal PD's office people take a look at it to see

15  if they -- see what they think about it.

16         But if I could defer on that until sentencing, I

17  would certainly appreciate it.

18         THE COURT:  You absolutely can defer.  Yes, sir.  You

19  can -- you can think about it.  And we can talk about it at the

20  point -- we'll either -- either myself or the magistrate judge

21  will go through a colloquy with Mr. Marino to prove his

22  indigence, and then we would go from there.

23         MR. BELL:  And I certainly appreciate the Court

24  considering it.

25         THE COURT:  Okay.

1          MR. BELL:  But let me give it some thought.  And I'll

2     have an answer for you by the time we get to sentencing.

3          THE COURT:  All right.  Mr. Marino, do you have any

4     questions about the process or anything that's on your mind

5     right now, sir?

6          THE DEFENDANT:  No, Your Honor.

7          THE COURT:  Okay.  All right.  Then I'll see you back

8     in about 90 days.  I don't know exactly when it will be, but

9     we'll send out something.  Of course, Mr. Bell will represent

10    you at the sentencing.  Okay?

11         All right.  Anything else?  We're in recess.

12         MR. BELL:  Thank you, Your Honor.

13         COURT SECURITY OFFICER:  All rise.

14       (The proceedings concluded at 3:32 p.m.)

15                              - - -

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE

UNITED STATES DISTRICT COURT    )
                                )
MIDDLE DISTRICT OF FLORIDA      )


        I hereby certify that the foregoing transcript is a true
and correct computer-aided transcription of my stenotype notes
taken at the time and place indicated herein.


        DATED this 16th day of December, 2022.




                        s/Shannon M. Bishop
                        Shannon M. Bishop, RDR, CRR, CRC