```
              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,      Jacksonville, Florida

         Plaintiff,            Case No. 3:20-cr-94-TJC-LLL

   vs.                         August 25, 2020

MARK MANUEL ANGELES MARINO,    1:08 p.m.

         Defendant.            Courtroom No. 5D
_____
```

DIGITALLY RECORDED ARRAIGNMENT ON SUPERSEDING INDICTMENT
BEFORE THE HONORABLE JAMES R. KLINDT
UNITED STATES MAGISTRATE JUDGE

GOVERNMENT COUNSEL:

    **KELLY KARASE, ESQ.**
    U.S. Attorney's Office
    300 North Hogan Street, Suite 700
    Jacksonville, Florida  32202

DEFENSE COUNSEL:

    **THOMAS M. BELL, ESQ.**
    Thomas M. Bell, PA
    301 West Bay Street, Suite 1460
    Jacksonville, Florida  32202

COURT REPORTER:

    Shannon M. Bishop, RDR, CRR, CRC
    221 North Hogan Street, #150
    Jacksonville, Florida  32202
    Telephone:  (904)549-1307
    dsmabishop@yahoo.com

(Proceedings recorded by mechanical stenography; transcript produced by computer.)

P R O C E E D I N G S

August 25, 2020                                               1:08 p.m.

- - -

THE COURT: Good afternoon, everyone. We have convened via Zoom conferencing in the case of *United States of America versus Mark Manuel Angeles Marino -- Marino,* Case No. 3:20-cr-94(S1)-J-32JRK.

Kelly Karase represents the United States.

Ms. Karase, can you hear me?

MS. KARASE: Yes, Your Honor. Good afternoon.

THE COURT: Good afternoon.

Tom Bell represents Mr. Marino.

And, Mr. Bell, can you hear me?

MR. BELL: Good afternoon, Your Honor. And I can hear you.

THE COURT: Okay. That's great.

Mr. Marino is appearing from the Baker County Jail.

Mr. Marino, can you hear me, sir?

THE DEFENDANT: Yes, Your Honor. How are you?

THE COURT: Fine. Thank you.

And, Mr. Bell, let me inquire of you if -- if Mr. Marino is consenting to appearing for this arraignment on the superseding indictment via videoconferencing.

MR. BELL: He is, Your Honor. Prior to his initial arraignment with Judge Toomey on the first indictment, I had

the opportunity to read the form that had been provided verbatim to him. And he consented at that time. And I reviewed it again with him in anticipation of today's proceeding.

THE COURT: All right. Thank you. And let me just -- let me just confirm that with Mr. Marino.

Mr. Marino, do you waive your right to appear here in open court at the courthouse and agree to appearing via videoconferencing?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Thank you.

And I also understand that -- is it Mr. Marino's mother is -- is present and attending the hearing?

MR. BELL: That's correct, Your Honor. Mari Beth is in the -- my lower left-hand screen.

THE COURT: All right. Well, good afternoon.

MS. CALUBAQUIB: Good afternoon, Judge.

THE COURT: All right. Mr. Marino, the grand jury, on August 19th, 2020, did return a superseding indictment against you. What I'm going to do at this point is ask you some background questions that you've been asked before. And these questions are asked to establish your competency to proceed in this matter.

After that I'll advise you of various rights that you have. These are rights that I believe Judge Toomey advised you

1  of previously.  But I'll advise you of these rights again,
2  because these rights apply to the superseding indictment.
3          After that Ms. Karase will advise you of the charges
4  that are contained in the superseding indictment.  And she'll
5  also advise you of the differences between the original
6  indictment and the superseding indictment.
7          You'll also be advised of the penalties that you face
8  as to each count and the penalties you face cumulatively, or
9  the total penalties you face.  And after that you'll be called
10 upon to enter a plea.
11         Once you enter a plea, we'll then discuss the setting
12 of the trial and the status of discovery and those types of
13 things.  But let's start this way, with you stating your full
14 name, please.
15         THE DEFENDANT:  My name is Mark Manuel Angeles
16 Marino, Your Honor.
17         THE COURT:  All right.  And, Mr. Marino, how old are
18 you, sir?
19         THE DEFENDANT:  25, Your Honor.
20         THE COURT:  And if the notes I'm reading are correct,
21 you were born on December 24th, 1994?
22         THE DEFENDANT:  Yes, Your Honor.
23         THE COURT:  All right.  And do you read, write, and
24 understand English?
25         THE DEFENDANT:  Yes, Your Honor.

```
 1              THE COURT:  And how far did you go in school?
 2              THE DEFENDANT:  Some college, Your Honor.
 3              THE COURT:  All right.  And -- and where did you go
 4    to school?
 5              THE DEFENDANT:  Back in my country, Far Eastern
 6    University, Your Honor.
 7              THE COURT:  All right.  And what is -- if you could
 8    tell me, what is your status, in terms of -- of -- are you a --
 9    a lawful resident alien here in the United States?
10              THE DEFENDANT:  Yes, Your Honor.  A green card.
11              THE COURT:  All right.  But you are not a citizen; is
12    that correct?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  Are you presently under the care of a
15    physician or psychiatrist?
16              THE DEFENDANT:  No.  No, Your Honor.
17              THE COURT:  Mr. Marino, are you under the influence
18    of drugs, alcohol, or any intoxicant?
19              THE DEFENDANT:  No, Your Honor.
20              THE COURT:  Are you taking any medication prescribed
21    by a doctor?
22              THE DEFENDANT:  No, Your Honor.
23              THE COURT:  Have you ever been treated for any mental
24    or emotional disorder or illness?
25              THE DEFENDANT:  No, Your Honor.
```

```
1            THE COURT:  Do you believe you suffer from any mental
2    or emotional disorder or illness?
3            THE DEFENDANT:  Can you repeat that again, Your
4    Honor?
5            THE COURT:  Yes.  Do you think you suffer from any
6    mental or emotional disorder?
7            THE DEFENDANT:  I don't know, Your Honor.
8            THE COURT:  Well, are you thinking clearly?
9            THE DEFENDANT:  Yes, Your Honor.
10           THE COURT:  All right.  And do you understand where
11   you are, what you are doing, and the importance of this
12   proceeding?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  All right.  As you've been advised
15   before, you have a constitutional right to remain silent.  You
16   do not have to make any statement.  You do not have to give a
17   statement at any time to any law enforcement officer.
18           If you do make a statement, anything you say can and
19   will be used against you in court, including at a subsequent
20   hearing or proceeding in this case.  If you have made a
21   statement in the past, you need not make any further statement
22   in the future.
23           Mr. Marino, do you understand your right to remain
24   silent?
25           THE DEFENDANT:  Yes, Your Honor.
```

1    THE COURT:  All right.  You have the right to be
2    represented by an attorney in all proceedings in this case.
3    And, as I understand it, Mr. Bell has been retained to
4    represent you in this case.  And he will be your lawyer
5    throughout these matters and throughout this case.  But let me
6    just confirm with you that you do understand your absolute
7    right to be represented by an attorney.
8         Do you?
9         THE DEFENDANT:  Yes, Your Honor.
10        THE COURT:  Mr. Marino, you have the right to plead
11   guilty to these charges, and by so doing admitting the truth of
12   the charges against you.  If you were to do that, that is, if
13   you were to plead guilty, there would be no trial, and on your
14   plea the Court would find you guilty and convict you.
15        So as I said, if you pled guilty to these charges,
16   there would be no trial, and the next hearing in your case
17   would be the sentencing hearing before the district judge.
18        You also have the right to plead not guilty and to
19   persist in that plea or to maintain that plea.
20        If you plead not guilty, you have the following
21   rights under the Constitution and laws of the United States.
22   You have a right to a trial by a jury of 12 jurors, all of whom
23   would have to unanimously agree on your guilt before you could
24   be convicted of these crimes.
25        Throughout these proceedings and all others, you are

1  presumed innocent.  And the government has to overcome that
2  presumption and prove you guilty beyond a reasonable doubt.
3  You do not have to prove that you are innocent.
4          At your trial the witnesses for the government have
5  to come into court and testify in your presence.  Mr. Bell,
6  your attorney, can cross-examine the government witnesses.  He
7  can object to evidence offered by the government.  And he can
8  offer evidence on your behalf.
9          You may present witnesses in your own defense at your
10 trial.  And if your witnesses will not come to court
11 voluntarily, I can issue orders to make the witnesses come to
12 the trial.
13         At the trial you have the right to testify, if you
14 choose to do so.  You also have the right not to testify.  The
15 choice is entirely up to you, but no one can force you to
16 testify.
17         You have the right under the federal Speedy Trial Act
18 to be brought to trial within a specified period of time.
19 Generally that means your trial would have to start 70 days
20 from your initial appearance.  But that usually applies to the
21 original indictment.
22         And under certain circumstances you have the right to
23 at least 30 days from the return of the superseding indictment
24 or this arraignment.  But we can discuss the trial date in a
25 few minutes.

1    And Mr. Bell is well-acquainted from all his years of
2 practice with the Speedy Trial Act.  And he can explain to you
3 the act and how it operates.  And he can answer any questions
4 you have about it.
5    Mr. Marino, if you are convicted, you have the right
6 to have a court of appeals review the rulings of the trial
7 court to determine if your conviction or sentence should be
8 reversed because either or both were improperly obtained.
9    Do you understand the rights I've explained to you?
10   THE DEFENDANT:  Yes, Your Honor.
11   THE COURT:  Do you have any questions about those
12 rights, Mr. Marino?
13   THE DEFENDANT:  Can you repeat that again, Your
14 Honor?
15   THE COURT:  Yes.  I'm sorry.
16   Do you have any questions about your rights?
17   THE DEFENDANT:  No, Your Honor.
18   THE COURT:  All right.  Mr. Marino, did you get a
19 copy of the superseding indictment?  Or has Mr. Bell reviewed
20 it with you and explained it to you?
21   THE DEFENDANT:  Mr. Bell reviewed it -- reviewed it
22 for me.
23   THE COURT:  All right.  And, Mr. Bell, you do have a
24 copy of the superseding indictment?
25   MR. BELL:  Yes, I do, Your Honor.  And I can confirm

1  we reviewed it substantially verbatim the other day after it
2  had been returned by the grand jury.
3        THE COURT:  All right.  Well, at this point,
4  Mr. Bell, do you waive a full and complete reading of the
5  superseding indictment?
6        MR. BELL:  I do, Your Honor.
7        THE COURT:  All right.  Ms. Karase, if you would
8  summarize each charge for Mr. Marino, explain the differences
9  between the original indictment and the superseding indictment,
10 and then advise Mr. Marino of the penalties, please.
11       MS. KARASE:  Yes, Your Honor.
12       Mr. Marino, you have been charged with a total of now
13 six felony counts by a federal grand jury.  The first four that
14 I'm going to advise you of are new to the superseding
15 indictment.  And what had been Counts One and Two have been
16 moved to Counts Five and Six.
17       So with that said, Count One charges you with
18 attempting to recruit, entice, harbor, provide, obtain,
19 advertise, maintain, patronize, solicit a minor female who was
20 not yet 14 to engage in a commercial sex act.
21       And that is in violation of 18, U.S.C., Sections
22 1591(a)(1) and 1594(a).  And it's alleged to have occurred on
23 or about March 19th, 2019, through on or about January 7th,
24 2020, in the Middle District of Florida and elsewhere.
25       Count One carries a mandatory minimum term of 15

1  years' imprisonment, up to life imprisonment, a fine of up to
2  $250,000, or both the term of imprisonment and the fine.
3           There's a special assessment that's applicable of
4  $100, plus an additional $5,000 if you're deemed non-indigent.
5           There's a period of supervised release after a term
6  of imprisonment that has to be at least five years, up to life.
7  Should you violate supervised release, you could be sent back
8  to prison for up to an additional five years, or for a
9  mandatory minimum of five years, up to life, depending on the
10 nature of the violation.  And an additional term of supervised
11 release could be imposed.
12          Counts Two through Four each allege a violation of
13 Title 18, United States Code, Section 2251(a) and (e).  And
14 they essentially allege that you did use -- did employ, use,
15 persuade, induce, entice, and coerce a minor to engage in
16 sexually explicit conduct for the purpose of producing a visual
17 depiction of that conduct.
18          Count Two is alleged to have occurred on or about
19 March 21st, 2019.
20          Count Three is alleged to have occurred on or about
21 September 30th, 2019.
22          And Count Four is alleged to have occurred on or
23 about October 22nd, 2019.
24          Each of these counts carry a mandatory minimum term
25 of 15 years' imprisonment, up to 30 years, a fine of up to

1  $250,000, or both the term of imprisonment and the fine.
2        There's a special assessment applicable of $100, plus
3  an additional $5,000 if you are deemed non-indigent.  Any term
4  of imprisonment to be followed by a term of supervised release
5  of at least five years, up to life.
6        Should you violate supervised release, you could be
7  sentenced up to an additional three years, or a mandatory
8  minimum of five years, up to life, depending on the nature of
9  the violation.
10        And there is an additional term of imprisonment that
11  could be imposed -- or an additional term of supervision that
12  could be imposed after any term of imprisonment.
13        Counts Two through Four also have a special
14  assessment under Title 18, Section 2259(a).  And for each of
15  Counts Two through Four, that amount is up to $50,000 special
16  assessments.
17        Count Five was originally Count One in the original
18  indictment.  And that charges you with essentially receipt of a
19  visual depiction of a minor engaging in sexually explicit
20  conduct.
21        And that's alleged to have occurred on or about
22  October 25th, 2019, in violation of 18, U.S.C., Section
23  2252(a)(2) and (b)(1).
24        The penalty for this offense is a mandatory minimum
25  term of five years' imprisonment, up to 20 years, a fine of up

1  to $250,000, or both the term of imprisonment and the fine.
2              There's an applicable special assessment of $100,
3  plus an additional $5,000 if you're determined to be
4  non-indigent.
5              The term of imprisonment should be followed by a
6  period of supervised release of at least five years, up to
7  life.
8              Should you violate supervised release, you could be
9  sent back to prison for up to an additional two years, or at
10 least five years, up to life, depending on the nature of the
11 violation, and an additional term of supervision could be
12 imposed.
13             Count Five also has a special assessment pursuant to
14 Title 18, Section 2259(a).  And for the receipt of this child
15 sexual abuse material, it's up to $35,000.
16             Count Six was originally Count Two in the original
17 indictment.  That charges you with possession of what's called
18 child sexual abuse material.  And it's alleged to have occurred
19 on or about June 17th, 2020.  And it's also alleged that the
20 depictions possessed involved a prepubescent minor who was not
21 yet 12.
22             That's in violation of 18, U.S.C., Section
23 2252(a)(4)(B) and (b)(2).  And it's alleged to have been
24 possessed on an HP laptop computer.  The penalty associated
25 with Count Six is up to 20 years, a fine of up to $250,000, or

1   both the term of imprisonment and the fine, a special
2   assessment of $100, plus an additional $5,000 if you're deemed
3   non-indigent.
4           Any period of imprisonment would be followed by a
5   period of supervised release of at least five years, up to
6   life.  Should you violate supervised release, you could be sent
7   back to prison for up to an additional two years, or five years
8   to life, depending on the nature of the violation, and an
9   additional term of supervised release could be imposed.
10          There's a special assessment pursuant to 2259(a)
11  associated with Count Six as well that provides for an
12  assessment up to $17,000.
13          Cumulatively, if you were convicted of all six counts
14  with which you are charged and a sentencing court were to order
15  your sentences to run consecutive to one another, you're facing
16  a mandatory minimum term of 65 years' imprisonment, up to life,
17  plus 130 years, a fine of up to $1.5 million, or both the term
18  of imprisonment and the fine, special assessments in the amount
19  of $6,000 -- I'm sorry, $600, plus an additional $30,000 if the
20  Court deems you non-indigent, a period of supervised release of
21  at least five years, up to life, to follow any term of
22  imprisonment.
23          If you violate supervised release, you could be sent
24  back to prison for up to an additional 18 years, or a mandatory
25  minimum term of 30 years, up to life, depending on the nature

1  of the violation, and an additional term of supervision could
2  be imposed.  And the cumulative total on special assessment
3  under Section 2259(a) is $202,000.
4           You could also be required to pay restitution to
5  victims of your offenses in the amount of $3,000 per victim.
6  Your -- any convictions could have immigration consequences
7  affecting your immigration status here in the United States.
8  And you could also be required to register as a sex offender.
9           The indictment also provides for forfeiture -- for
10 forfeiture of any property used or obtained in your commission
11 of the offenses charged.
12          THE COURT:  All right.  And as to the immigration
13 consequences, Mr. Marino, you may be removed from the United
14 States, denied citizenship, and denied admission to the United
15 States in the future.
16          All right.  Mr. Marino, do you understand what you're
17 charged with in each of the six counts, sir?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Do you understand the differences between
20 the original indictment and the superseding indictment?
21          THE DEFENDANT:  Yes, Your Honor.
22          THE COURT:  Do you understand the minimum and maximum
23 penalties you face as to each count?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  And do you understand the total or

```
 1  cumulative penalty you face if you were convicted of all counts
 2  and sentenced consecutively?
 3          THE DEFENDANT:  Yes, Your Honor.
 4          THE COURT:  Mr. Bell, is there any reason Mr. Marino
 5  should not be called upon to enter a plea at this time?
 6          MR. BELL:  Your Honor, you want me to try that again?
 7          THE COURT:  Yes, try that again.
 8          MR. BELL:  I had some extraneous phone calls.
 9          No, there's no reason why he shouldn't be called on
10  to plea.  And with the Court's permission, I'd enter pleas of
11  not guilty on his behalf as to all six counts.
12          THE COURT:  All right.  A not guilty will be entered
13  on behalf of Mr. Marino.
14          All right.  Now, the case right now is set for trial
15  on December 7th, 2020, with a status on November 16th, 2020.
16  Dispositive motions are due on October 9th, 2020.
17          So let me start by asking, Ms. Karase -- is there any
18  additional discovery, Ms. Karase?
19          MS. KARASE:  Yes, Your Honor, there is.
20          I have provided the majority of the supporting
21  discovery to support the superseding indictment to Mr. Bell by
22  e-mail, but I'll be producing that formally in the way that we
23  normally produce discovery, along with some additional content
24  from Mr. Marino's encrypted e-mail account.  So that will be
25  provided to Mr. Bell within the next couple of days.
```

1   THE COURT:  All right.  So why don't -- I'll just
2  enter a little order.  If I set -- if I set Friday, the 28th,
3  as the discovery deadline, does that work, Ms. Karase?
4   MS. KARASE:  Yes, Your Honor.
5   THE COURT:  All right.  Now, Mr. Bell, is the
6  dispositive motion deadline of October 9th, 2020, a deadline we
7  should just keep in place, and then once you look things over,
8  if you need additional time, you'll file the appropriate
9  motion?  Or do you want me to consider moving that deadline at
10 this time?
11  MR. BELL:  No.  I'm comfortable staying with the
12 October date for now, Judge.  And we'll see where we are when I
13 review the additional discovery and how things unfold between
14 now and then.
15  THE COURT:  All right.  And I'll just leave -- leave
16 it -- we'll just leave it on for the status conference on
17 November 16th, 2020, and the trial term December 7, 2020.
18  And, of course, you-all can take up any scheduling
19 matters with Judge Corrigan at the appropriate time at the
20 status conference, or via motion, if you decide to do that.
21  MR. BELL:  Very good.  Thank you, Your Honor.
22  THE COURT:  Ms. Karase, is there anything else?
23  MS. KARASE:  No, Your Honor.
24  THE COURT:  Mr. Bell?
25  MR. BELL:  No, Your Honor.  Thank you.

1      THE COURT: All right. And I think that it's -- if
2  it's not clear from the record, I'll state it, that other than
3  Mr. Bell having a slight lapse in either finding his mute
4  button or getting an incoming call, everything has worked
5  smoothly.
6      And -- and, Mr. Marino, you've been able to hear
7  everything well, sir?
8      THE DEFENDANT: Yes, Your Honor. Thank you.
9      THE COURT: All right. And I've been able to hear --
10 hear everyone well, except for that minor glitch.
11     All right. We're in recess.
12     MR. BELL: Thank you, Your Honor.
13   (The digitally recorded proceedings concluded at
14 1:30 p.m.)
15                              - - -

## CERTIFICATE

UNITED STATES DISTRICT COURT    )
                                )
MIDDLE DISTRICT OF FLORIDA      )

      I hereby certify that the foregoing transcript is a true and correct computer-aided transcription from the official electronic sound recording of the proceedings in the above-entitled matter.

      DATED this 16th day of December, 2022.


      s/Shannon M. Bishop

      Shannon M. Bishop, RDR, CRR, CRC