```
               IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | Jacksonville, Florida |
| Plaintiff, | Case No. 3:20-cr-94-TJC-LLL |
| vs. | November 24, 2020 |
| MARK MANUEL ANGELES MARINO, | 2:07 p.m. |
| Defendant. | Courtroom No. 5D |

DIGITALLY RECORDED ARRAIGNMENT ON SECOND SUPERSEDING INDICTMENT
BEFORE THE HONORABLE JAMES R. KLINDT
UNITED STATES MAGISTRATE JUDGE

GOVERNMENT COUNSEL:

    **KELLY KARASE, ESQ.**
    U.S. Attorney's Office
    300 North Hogan Street, Suite 700
    Jacksonville, Florida  32202

DEFENSE COUNSEL:

    **THOMAS M. BELL, ESQ.**
    Thomas M. Bell, PA
    301 West Bay Street, Suite 1460
    Jacksonville, Florida  32202

COURT REPORTER:

    Shannon M. Bishop, RDR, CRR, CRC
    221 North Hogan Street, #150
    Jacksonville, Florida  32202
    Telephone:  (904)549-1307
    dsmabishop@yahoo.com

(Proceedings recorded by mechanical stenography; transcript produced by computer.)

```
 1                      P R O C E E D I N G S
 2   November 24, 2020                                    2:07 p.m.
 3                              - - -
 4            COURT SECURITY OFFICER:  All rise.  The United States
 5   District Court in and for the Middle District of Florida is now
 6   in session, the Honorable James R. Klindt presiding.
 7            Please be seated.
 8            THE COURT:  This is the case of the United States of
 9   America against Mark Manuel Angeles Marino, Case No.
10   3:20-cr-94(S2)-J-32JRK.
11            Kelly Karase represents the United States.  She's
12   appearing via Zoom video conferencing.
13            Ms. Karase, can you hear me?
14            MS. KARASE:  I can hear you just fine, Your Honor:
15   Thank you.
16            THE COURT:  Thank you.
17            And Mr. Bell represents Mr. Marino.
18            Mr. Marino is present in the courtroom.
19            We're set for the arraignment on the superseding
20   indictment.  It's the second superseding indictment.  It was
21   returned by the grand jury on November 19th, 2020.
22            So, Mr. Marino, will you state your full name for me,
23   please.
24            Yes, sir.  Yeah.  Pull that toward you, if you would,
25   please, sir.  Thank you.
```

```
 1                THE DEFENDANT:  It's Mark Manuel Angeles Marino.
 2                THE COURT:  All right.  And, Mr. Marino, let me
 3   review this personal information with you.  You are -- let's
 4   see.  What are -- are you -- you have a birthday next month.
 5   So you're 25 years old?
 6                THE DEFENDANT:  Yes, right now.
 7                THE COURT:  All right.  And you were born on December
 8   24th, 1994?
 9                THE DEFENDANT:  Yes, Your Honor.
10                THE COURT:  And you do read, write, and understand
11   English?
12                THE DEFENDANT:  Yes, Your Honor.
13                THE COURT:  Tell me about your past schooling.  How
14   far did you go in school?
15                THE DEFENDANT:  Some college.
16                THE COURT:  All right.  And where did you go to
17   school?
18                THE DEFENDANT:  Far Eastern University in the
19   Philippines.
20                THE COURT:  All right.  And you do read, write, and
21   understand English?
22                THE DEFENDANT:  Yes, Your Honor.
23                THE COURT:  And let me ask you again about your --
24   your -- your immigration status.  You are a lawful permanent
25   resident?
```

```
 1                THE DEFENDANT:  No.
 2                THE COURT:  Okay.  What is your status?
 3                THE DEFENDANT:  A green card alien.
 4                THE COURT:  All right.  Are you under the care of a
 5  physician or psychiatrist?
 6                THE DEFENDANT:  No, Your Honor.
 7                THE COURT:  As you sit here today, are you under the
 8  influence of drugs, alcohol, or any intoxicant?
 9                THE DEFENDANT:  No, Your Honor.
10                THE COURT:  Are you taking any medication prescribed
11  by a doctor?
12                THE DEFENDANT:  No, Your Honor.
13                THE COURT:  Have you ever been treated for any mental
14  or emotional disorder or illness?
15                THE DEFENDANT:  No, Your Honor.
16                THE COURT:  Do you believe you suffer from any mental
17  or emotional disorder or illness?
18                THE DEFENDANT:  No, Your Honor.
19                THE COURT:  Do you clearly understand where you are,
20  what you are doing, and the importance of this proceeding?
21                THE DEFENDANT:  Yes, Your Honor.
22                THE COURT:  Did you get a copy of the second
23  superseding indictment?
24                THE DEFENDANT:  Yes, Your Honor.
25                THE COURT:  All right.  I'm going to ask Ms. Karase
```

1  to advise you of the charges and penalties, and also to point
2  out to you the differences between this indictment and the
3  first superseding indictment.
4           Mr. Bell, do you waive a full and complete reading of
5  the second superseding indictment?
6           MR. BELL:  I do, Your Honor.
7           THE COURT:  All right.  Ms. Karase, if you could
8  summarize the charges, advise Mr. Marino of the penalties, and
9  also point out to him, please, the differences between this
10 indictment and the first superseding indictment.
11          MS. KARASE:  Yes, Your Honor.
12          Mr. Marino, a federal grand jury returned a
13 seven-count second superseding indictment against you.
14          Count One is the same as it was in the superseding
15 indictment.  It charges you with sex trafficking of a child, in
16 violation of 18, U.S.C., Sections 1591(a)(1) and 1594(a).
17          If convicted of this offense you face a mandatory
18 minimum term of ten years' imprisonment, up to life, a fine of
19 $250,000, or both the term of imprisonment and the fine, a
20 period of supervised release of at least five years, up to
21 life.
22          Should you violate terms and conditions of supervised
23 release, you could be sent back to prison for up to an
24 additional five years or a mandatory minimum of five years up
25 to life, depending on the nature of the violation.

1           There's a mandatory special assessment of $100 due
2    upon conviction.  And if you were determined to be
3    non-indigent, an additional $5,000 special assessment could be
4    applicable.
5           Counts Two, Three, and Four are the same as they were
6    in the superseding indictment.  Each of them charge a violation
7    of Title 18, United States Code, Section 2251(a) and (e) --
8    2251(a) and (e).  And they -- they're alleged to have occurred
9    on three separate dates.
10          If convicted of each of these offenses, each carries
11   a mandatory minimum term of 15 years' imprisonment and a
12   maximum of 30 years' imprisonment, a fine of up to $250,000, or
13   both the term of imprisonment and the fine.
14          After release you could be -- you'd be subject to a
15   period of supervised release of at least five years, up to
16   life.
17          Should you violate any terms or conditions of
18   supervised release, you could be sent back to prison for up to
19   an additional three years, or five years, up to life, depending
20   on the nature of the violation.
21          There's the mandatory $100 special assessment; an
22   additional $5,000 if you're deemed non-indigent; and another
23   assessment that is $50,000 in connection with each count.
24          Counts Five and Six are new and different, I should
25   say.  Count Five is new in that it charges you with receiving

1   child sexual abuse material on or about September 30th, 2019.
2   And there's a specific file title there to prevent any
3   confusion that's set forth as IMG-20190913-WA0016.jpg.
4           And then Count Six was previously Count Five in the
5   superseding indictment.  And that is also a charge for receipt
6   of child sexual abuse material alleged to have occurred on or
7   about October 25th, 2019.  But the file that is charged here
8   has changed.  The file here is specifically identified as
9   "Philippine nature.mp4."
10          Both of these charge a violation of 18, U.S.C.,
11  Section 2252(a)(2) and (b)(1).
12          If convicted of these offenses, each carries a
13  mandatory minimum term of five years' imprisonment, up to 20
14  years' imprisonment, a fine of up to $250,000, or both the term
15  of imprisonment and the fine, the term of imprisonment to be
16  followed by a period of supervised release of at least five
17  years, up to life.
18          Should you violate terms and conditions of supervised
19  release, you could be sent back to prison for up to an
20  additional two years or a mandatory minimum of five years, up
21  to life, depending on the nature of the violation.
22          Again, a special assessment of $100 would be due upon
23  conviction for each count.  An additional $5,000 could be due
24  if you are determined to be non-indigent.  And then a special
25  assessment in the amount of $17,000 could be due and owing.

1        Count Seven was previously Count Six of the
2   superseding indictment.  And that remains the same.  It charges
3   possession of child sexual abuse material, in violation of
4   Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).
5        If convicted of this offense, it carries a maximum
6   term of imprisonment of 20 years, a fine of up to $250,000, or
7   both the term of imprisonment and the fine, to be followed by a
8   term of supervised release of at least five years, up to life.
9       (Dogs barking.)
10          MS. KARASE:  Sorry about that.
11       Should you violate supervised release, you could be
12  sent back to prison for an additional two years, or up to -- or
13  five years, up to life, depending on the nature of the
14  violation.
15       There's a special assessment of $100 if you are
16  determined to be non-indigent; an additional special assessment
17  of $5,000 could be applicable; and a special assessment under
18  2259A of $17,000.
19       Cumulatively, if you were convicted of all seven
20  counts with which you are charged, you face a mandatory --
21  well, and if the sentencing court were to order your sentences
22  to run consecutive to one another, you'd face a mandatory
23  minimum term of 65 years' imprisonment, up to life, plus 150
24  years' imprisonment, a cumulative fine of $1.75 million; a
25  period of supervised release of at least five years, up to

1  life.

2  Should you violate supervised release, you could be
3  sent back to prison for up to 20 years, or five years, up to
4  life times seven, seven life terms, depending on the nature of
5  the violation.

6  The cumulative special assessments would be $700.  If
7  you are determined to be non-indigent, there could be an
8  additional $35,000 special assessment.  And the cumulative
9  total special assessments under Section 2259A are 237,000.

10  You could also be required to pay restitution to
11  victims of your offenses with a mandatory of $3,000 per victim,
12  and be required to register as a sexual offender, as well as
13  face immigration consequences as a result of your conviction,
14  which could impact your ability to stay in the country.

15  There's also a forfeiture provision that's provided
16  in the indictment, the second superseding indictment, that
17  provides for the forfeiture of any property used or obtained in
18  your commission of the offenses charged.

19  THE COURT:  Ms. Karase, let me just ask you about
20  Count One.  Did you say that Count One carries a mandatory
21  minimum term of imprisonment of ten years?

22  MS. KARASE:  Yes, Your Honor.

23  THE COURT:  All right.  The -- I was just looking at
24  that.  The AO form 257, it said 15 years.  So I just wanted to
25  make sure.  When I read the statute, it seems like it must --

```
 1  it was probably ten years.  So it is.
 2          MS. KARASE:  Yes, Your Honor.  There must be an error
 3  in the AO 257.  I can get an amended one down.
 4          THE COURT:  That's all right, as long as we have the
 5  right penalty now that we're advising Mr. Marino of.
 6          Mr. Marino, do you understand what you're charged
 7  with in the seven counts?
 8          THE DEFENDANT:  Yes, Your Honor.
 9          THE COURT:  Do you understand the difference between
10  this indictment, that is, the second superseding indictment,
11  and the -- and the first superseding indictment?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  And do you understand the minimum and
14  maximum penalties you face as to each of the seven counts?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  And do you understand the total or
17  cumulative penalty you face as to all of the counts if you were
18  to be convicted of all of them and sentenced consecutively?
19          THE DEFENDANT:  Yes, Your Honor.
20          THE COURT:  All right.  Now, as I told you the other
21  day, you have a constitutional -- or I've told you previously,
22  you have a constitutional right to remain silent.  You do not
23  have to make any statement.  You do not have to give any
24  statement at any time to any law enforcement agent.
25          If you do make a statement, anything you say can and
```

 1  will be used against you in court, including at a subsequent
 2  hearing or proceeding in this case.
 3          If you have made a statement in the past, you need
 4  not make any further statement in the future.
 5          Do you understand your right to remain silent?
 6          THE DEFENDANT:  Yes, Your Honor.
 7          THE COURT:  You have the right to be represented by
 8  an attorney in all proceedings in this case.  And, of course,
 9  Mr. Bell is here representing you.  And he will represent you
10  throughout this case.  But I just want to confirm with you that
11  you understand your absolute right to be represented by an
12  attorney.
13          Do you?
14          THE DEFENDANT:  Yes, Your Honor.
15          THE COURT:  You have the right to plead guilty to
16  these charges, Mr. Marino, and by so doing admitting the truth
17  of the charges against you.
18          If you were to do that, that is, if you were to plead
19  guilty, there would be no trial, and on your plea the Court
20  would find you guilty and convict you.
21          So if you did plead guilty, there would be no trial,
22  and the next hearing in the case would be the sentencing
23  hearing before the district judge.
24          You also have the right to plead not guilty and to
25  maintain that plea.  If you plead not guilty, you have the

1  following rights under the Constitution and laws of the United
2  States.
3         You have a right to a trial by a jury of 12 jurors,
4  all of whom would have to unanimously agree on your guilt
5  before you could be convicted of these crimes.
6         Throughout these proceedings and all others, you are
7  presumed innocent.  And the government has to overcome that
8  presumption and prove you guilty beyond a reasonable doubt.
9  You do not have to prove that you are innocent.
10         At your trial the witnesses for the government have
11  to come into court and testify in your presence.  Mr. Bell,
12  your attorney, can cross-examine the witnesses for the
13  government, he can object to evidence offered by the
14  government, and he can offer evidence on your behalf.
15         Mr. Marino, you may present witnesses in our own
16  defense at your trial.  If your witnesses will not come to
17  court voluntarily, I can issue orders to make the witnesses
18  come to the trial.
19         At the trial you have the right to testify, if you
20  choose to do so.  You also have the right not to testify.  The
21  choice is entirely up to you, but no one can force you to
22  testify.
23         You have the right under the federal Speedy Trial Act
24  to be brought to trial within a specified period of time.  As I
25  understand it, your case is presently set for a trial term

1  beginning March 1st, 2021.  We'll talk about that a little bit
2  more in a moment.  And Mr. Bell can explain to you the various
3  aspects of the Speedy Trial Act and the -- and the exceptions
4  to it.
5           Now, if you are convicted, you have the right to have
6  the Court of Appeals review the rulings of the trial court to
7  determine if your conviction or sentence should be reversed
8  because either or both were improperly obtained.
9           Mr. Marino, do you understand the rights I've
10 explained to you?
11          THE DEFENDANT:  Yes, Your Honor.
12          THE COURT:  Do you have any questions about them?
13          THE DEFENDANT:  No, Your Honor.
14          THE COURT:  Mr. Bell, is there any reason Mr. Marino
15 should not be called upon to enter a plea at this time?
16          MR. BELL:  No, sir.
17          THE COURT:  And what is the plea?
18          MR. BELL:  Not guilty as to all seven counts, Your
19 Honor.
20          THE COURT:  All right.  A not guilty plea as to each
21 of the seven counts is entered on behalf of Mr. Marino.
22          And I see that the case is set for a status
23 conference at 4 p.m. on February 16th, 2021, before
24 Judge Corrigan.  And it is set for trial on March 1st, 2021, at
25 9 a.m.  So my thought is that we would just leave that as is at

```
 1  this point.
 2          Is there any reason we should do anything else,
 3  Ms. Karase, in terms of the trial date or the status
 4  conference?
 5          MS. KARASE:  No, Your Honor.
 6          THE COURT:  Mr. Bell?
 7          MR. BELL:  No.  That should work, Your Honor.  We
 8  have, of course, the suppression hearing set in December,
 9  so . . .
10          THE COURT:  Yes, we do.  Do we -- do we need -- do
11  you need any other deadlines, in terms of filing motions, or
12  have you filed all the motions you need and want to file?
13          MR. BELL:  Well, I have filed all the ones I need to
14  file at this stage.  Obviously if something really learned --
15  you know, if I learn something in the course of the --
16  continuing the investigation, then -- but I -- I don't
17  anticipate any more motions to suppress or -- I can't say that
18  I've honestly looked at the indictment thoroughly enough to
19  completely represent that I don't expect an attack, but I --
20  but my initial review seems to be that I will not be filing
21  anything with respect to the indictment.
22          THE COURT:  Well, let me -- let me ask.
23          Ms. Karase, is there additional discovery to be
24  provided?
25          MS. KARASE:  Your Honor, nothing related to the
```

1  charged offenses.  But we do -- you may recall at the motion on
2  the -- at the hearing on the motion for bill of particulars, I
3  represented that there were some chats that had been produced
4  with a minor victim who was local to Jacksonville.
5              I produced all that I had at the time of that
6  hearing, but we've since received results from a search warrant
7  that was served on Discord, one of the -- one of the
8  applications that the defendant was using to communicate with
9  this child, and so there are a lot of chats that I intend to
10 produce.
11             We have not at this time -- and I don't anticipate
12 including charges related to that conduct.  So it would be
13 404(b) type evidence.  And I do intend to produce that.  I'm
14 just going through to redact references to the minor victim's
15 name at this point.
16             THE COURT:  And when -- when do you think that will
17 be ready?  Because, of course, if Mr. Bell believed it
18 appropriate, he could file a motion to suppress or some other
19 motion related to that.  So I'm thinking I'll set a new motion
20 deadline.
21             When do you think you'll have the additional
22 discovery related to what at least would be 404(b) evidence at
23 this point?
24             MS. KARASE:  Your Honor, I would think no later
25 than -- than December 1st.  That's Tuesday of next week.  And

```
 1  it's just because we have the holiday and the volume of
 2  material that -- that it includes.
 3              THE COURT:  All right.  Well, why don't we do this,
 4  then.  Why don't I just set December 1st as the discovery -- as
 5  the deadline for providing discovery -- any discovery that --
 6  that the government has and -- and has yet to produce.
 7              Let's see.  That's December 1st.
 8              And then, Mr. Bell, why don't -- why don't I give you
 9  until December 15th to file any additional motions.
10              MR. BELL:  That's fine, Judge.  I guess in the normal
11  course -- my only reservation about that is this, and my only
12  hesitation earlier, is Ms. Karase handed her some stuff at the
13  Homeland Security office, and Mr. Conner expects to come up to
14  testify at the hearing on December 10th.
15              So I was hoping to maybe coordinate with him and the
16  agents and the government about having -- providing him the
17  opportunity to go over and do a forensic review at that point.
18  You know, I guess the -- the issue would be if something
19  develops based on the forensic review of the evidence that
20  would generate a motion, which typically does not happen, but
21  I'm just still allowing myself a little bit of time to
22  coordinate all the logistics of that.
23              THE COURT:  Well, of course, that's -- that's
24  evidence that you already have now, right?
25              MR. BELL:  I have most of it.  I think the -- what I
```

1  don't typically get is the opportunity to look at the images
2  themselves and that type of thing --
3           THE COURT:  Right.
4           MR. BELL:  -- which would generally be a motion in
5  limine anyway.
6           THE COURT:  Right, right.  Well, I guess what I'm
7  getting at -- I mean, if -- if you, in the course of looking at
8  discovery that's already been provided to you or has been
9  available to you, and you believe you need to file a motion,
10 then you could ask to file the motion out of time.  I'm trying
11 to set a deadline for the new discovery that you'll get on
12 December 1st.
13          MR. BELL:  That's fair, Judge, and particularly any
14 new attack on the warrant that was issued relative to Discord.
15          THE COURT:  Issued relevant to what?  To Discord?
16          MR. BELL:  Yeah, the Discord site.
17          THE COURT:  All right.  Here's what I'll do.  I'll
18 just set a deadline for December 22nd.  And that should give
19 you plenty of time from the 10th also.  That would be to file
20 any motion --
21          MR. BELL:  Very good.  Thanks, Judge.
22          THE COURT:  -- that you think is appropriate.
23          If it's a motion for Judge Corrigan, then,
24 Ms. Karase, I would ask that you respond no later than January
25 7th.  And that way Judge Corrigan will have -- what is his --

```
 1  was it the 16th of January -- no, that's the 16th of February.
 2  So he'd have time to look at those matters.
 3          If it's a motion for me, I'll just set it promptly
 4  for a hearing.  We're going to have the one hearing now.
 5          MR. BELL:  All right.
 6          THE COURT:  And we'll go forward with that.  But if
 7  there's a new motion filed that requires either argument or the
 8  presentation of evidence, then I can set that after you file
 9  the motion.
10          MR. BELL:  Fair enough, Judge.
11          THE COURT:  All right.  I think that covers
12  everything that we need to do today.
13          Ms. Karase, can you think of anything else that we
14  need to do today?
15          MS. KARASE:  No, Your Honor.
16          THE COURT:  All right.  Mr. Bell, is there anything
17  else?
18          MR. BELL:  No, Your Honor.
19          THE COURT:  All right.  Then we're in recess.
20          COURT SECURITY OFFICER:  All rise.
21          MR. BELL:  That's it.
22     (The digitally recorded proceedings concluded at
23  2:28 p.m.)
24                              - - -
25
```

**CERTIFICATE**

UNITED STATES DISTRICT COURT    )
                                )
MIDDLE DISTRICT OF FLORIDA      )


      I hereby certify that the foregoing transcript is a true and correct computer-aided transcription from the official electronic sound recording of the proceedings in the above-entitled matter.

      DATED this 16th day of December, 2022.


      s/Shannon M. Bishop

      Shannon M. Bishop, RDR, CRR, CRC